TERRY JOHNSON v. THE STATE.

No. 11712.   Delivered June 13, 1928.

The opinion states the case.

*Patterson & Grantham* of Cisco, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is rape; the punishment confinement in the penitentiary for 5 years.

Prosecutrix was riding in an automobile with appellant and Mitford Sparks, who, according to her testimony, raped her by force. Prosecutrix was about eighteen years of age and appellant and Sparks appeared to have been of approximately the same age as prosecutrix.

Touching the transaction, prosecutrix gave testimony to the effect that appellant, over her protest and violent resistance, penetrated her female organ with his male organ to the extent of about one-half an inch, while Sparks held her; that, after appellant had ravished her, Sparks penetrated her person to the same extent, over her protest and resistance, while appellant held her. Appellant and Sparks carried prosecutrix to her home at about 3:30 a. m. Sunday morning. She reported the transaction to her aunt, with whom she lived, on the following Monday morning. It appears that, before she made any statement concerning the matter to her aunt, it had been discovered that the sleeves of her dress had mud on them. A physician who examined prosecutrix testified that the hymen was intact and that there were no evidences that she had been ravished. Appellant denied that he ravished prosecutrix, and testified that,

with the consent of prosecutrix, he attempted to have sexual intercourse with her without success. He further testified that he did not know whether or not Sparks had intercourse with prosecutrix on the night in question, and denied that he aided Sparks in the manner detailed by prosecutrix, or in any manner, in the commission of the offense of rape.

Appellant timely presented to the court a written motion, which reads as follows:

"Comes now the defendant, Terry Johnson, after the State has introduced its evidence in chief and rested its case, and moves the court to require the State to elect whether it will further prosecute this defendant for rape on account of his alleged own act of having carnal intercourse with the prosecuting witness, Mabel Sutton, or for the help, aid or encouragement by defendant of Mitford Sparks, in his alleged act of carnal intercourse with said Mabel Sutton; and that the State be required to abandon the prosecution of this defendant for one of such offenses, and to confine this prosecution to the other."

In overruling the foregoing motion, the learned trial judge fell into error. The state's evidence authorized the jury to find that prosecutrix was raped twice; first, by appellant; and second, by Sparks. The state's evidence further authorized the finding that appellant and Sparks were principal offenders in each of the rapes. Under the indictment charging the appellant with rape, the state had the privilege of showing the carnal knowledge by appellant or the carnal knowledge by Sparks. The state's testimony developed two offenses against appellant, for either of which the State was privileged to seek a conviction. O'Neal v. State, Opinion Number 10,413, decided on motion for rehearing, May 2nd, 1928. See also Dodd v. State, 201 S. W. 1014.

The evidence having developed two separate and distinct offenses against appellant, appellant had the right to require the state to elect the offense upon which a conviction would be sought. Mazureczk v. State, 128 S. W. 136. The rule is stated in Branch's Annotated Penal Code of Texas, Section 444, as follows:

"If the testimony develops more than one separate transaction, the state should be required to elect as to which one it would rely upon for a conviction."

In charging on principals, over proper objection, the court not having required the state to elect, we think the trial court in error, and that such error may have injured appellant.

It is not deemed necessary to discuss the remainder of appellant's contentions.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.