DICK HAZZARD v. THE STATE.

No. 13378.　Delivered April 23, 1930.

Reported in 27 S. W. (2d) 191.

The opinion states the case.

*Arthur R. Eidson* of Hamilton, *F. O. Jaye* of DeLeon, and *J. R. Stubblefield* of Eastland, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is rape; the punishment, confinement in the penitentiary for ninety-nine years.

A former appeal is reported in 111 Tex. Cr. R. at page 539. The companion case of Harley Holland and J. D. Pierce v. The State, is reported in 111 Tex. Cr. R. at page 543. The present case was reversed on former appeal. The case against Holland and Pierce was affirmed. We deem it unnecessary to again set out the evidence. Reference is made to the cases referred to for a recital of the facts upon which the conviction is predicated.

We are met in the beginning of our examination of the record with an objection on the part of state's counsel to the consideration of the statement of facts and bills of exception. The order overruling the motion for new trial was entered October 10, 1929, and

notice of appeal given on the same date. Ninety days in which to file statement of facts and bills of exception was granted and entered of record on the date last mentioned. The time for such filing expired January 8, 1930. The bills of exception were filed January 9, 1930. Having been filed more than ninety days after notice of appeal was given, the said bills are not entitled to consideration. Art. 760, C. C. P.; Byrd v. State, 18 S. W. (2d) 624; Musick v. State, 15 S. W. (2d) 616. Counsel for appellant have filed affidavits wherein it is shown that the bills of exception were sent by special delivery mail to the trial judge on January 7, 1930. There is nothing in the record to show when the bills were received· by the trial judge. It is apparent from the affidavits that the trial judge had not received the bills of exception late in the afternoon of the last day for filing. Without further discussing the question, the opinion is expressed that the objection to the consideration of the bills of exception is well taken. The statement of facts appears to have been filed in time, and the evidence has been carefully considered.

Appellant's bills of exception have been examined. If they were entitled to consideration, we are of the opinion that reversible error is not presented. Appellant seems to have relied chiefly upon two points for reversal. The first point involves the question of the refusal of the court to grant appellant's motion to require the state to elect upon the transaction for which a conviction would be sought. The second point involves the question of the admission of testimony relative to several acts of intercourse between appellant and prosecutrix and between prosecutrix and appellant's companions.

If the bill of exception bringing forward the question of the refusal of the court to require an election should be considered, it is disclosed by its recitals that appellant filed his motion to require the state to elect immediately before announcing ready for trial, and before any testimony was introduced. The motion was not renewed at any time thereafter. It appears from the evidence that prosecutrix testified to acts of carnal intercourse with appellant and also to acts of intercourse with Holland and Pierce, appellant aiding said parties to ravish her. The motion to require an election reads as follows:

"Now comes the defendant, Dick Hazzard, in the above styled and numbered cause, and before an announcement in this case and moves the court to require the state to elect how it will further prosecute this defendant for rape on account of his alleged own acts

of having carnal intercourse with the prosecuting witness Velma Bankhead or for the help, aid or encouragement by the defendant of J. D. Pierce or Harley Holland in his or their alleged act of carnal intercourse with the said Velma Bankhead, and that the state be required to abandon the prosecution of this defendant for all of such offenses, except one of such offense, and to confine this prosecution to the other."

In the charge, the court submitted to the jury only appellant's own act of carnal intercourse with prosecutrix. Under the indictment and under the evidence, the state had the privilege of showing the carnal knowledge by appellant or the carnal knowledge by the companions of appellant. In other words, the state's evidence authorized the finding that appellant was a principal in aiding Holland and Pierce in the assault they made upon prosecutrix and that appellant was also guilty for his own act of carnal knowledge of prosecutrix. The testimony having developed more than one offense against appellant, for either of which the state was privileged to seek a conviction, appellant had the right to require the state to elect upon the transaction for which a conviction would be sought. Johnson v. State, 8 S. W. (2d) 121; O'Neal v. State, 5 S. W. (2d) 521. However, appellant's motion to require an election was premature. He sought to have the state elect before any testimony was introduced. He failed to thereafter present his motion at the proper time, but the court in its charge recognized the right to an election, and in submitting only appellant's own act, elected for the state.

Touching the second question, the opinion is expressed that the court was not in error in permitting the state to prove the details of the assault made by Pierce and Holland on prosecutrix with the aid of appellant. These assaults were res gestae; they were intermixed and blended with the assault made by appellant and so connected therewith as that they formed an indivisible criminal transaction. Full proof, either by direct or circumstantial testimony, of any one of the assaults could not have been given without showing the others. Evidence of any or all of such assaults constituted a detail of the whole criminal scheme. Claxton v. State, 109 Tex. Cr. R. 345.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.