## WALKER *v.* STATE.

(Division B.   May 5, 1947.   Suggestion of Error Overruled June 2, 1947.)

[30 So. (2d) 239.   No. 36439.]

Ely B. Mitchell, of Corinth, for appellant.

**Greek L. Rice,** Attorney General, by **Geo. H. Ethridge,** Assistant Attorney General, for appellee.

**Alexander, J.,** delivered the opinion of the court.

Appellant was charged with murder and convicted of manslaughter. The assignments of error are comprised within the contention that evidence was shown of a separate crime from that alleged.

The testimony relevant to our discussion is that appellant shot deceased with a shotgun which was thrust through a screen door. Immediately thereafter he turned and shot deceased's wife, though not fatally. In both instances there was testimony to establish justification. Since we find that the conflicts in testimony made an issue for the jury, we shall not further comment upon the facts.

It is elemental that proof of a crime, distinct from the one charged, will not be allowed. Augustine v. State, 201 Miss. 277, 28 So. (2d) 243. We examine, therefore, only whether the shooting of the wife was a disconnected and irrevelant act. The record reveals animosity between appellant on the one hand, and the deceased and his wife on the other. It was manifested in verbal skirmishes in which barbed and brutish epithets were hurled. The victim's wife counseled summary dispatch of appellant. They shared a single roof, compelling a propinquity which generated friction and overheated temper.

The two crimes were inseparable components of the completed incident. Had appellant been put to trial for shooting the wife, the killing of the husband would have been an inevitable and relevant disclosure of the res gestae. The sequence is not material; it is their integration into the incident, interwoven with similar provocation and purpose, which makes it impractical to draw a curtain at the end of any particular act behind which the jury may not peer. Mackie v. State, 138 Miss. 740, 103 So. 379; Wilson v. State, 201 Miss. 627, 30 So. (2d) 62.

The error assigned with reference to testimony regarding blood stains upon the floor and screen door serves to

illustrate the basis for the foregoing conclusions. It is contended that since both spouses were wounded, it was error to draw the incident of the latter shooting into view by injecting doubt as to whose blood had caused the stains. It is the commingling of the blood of the two stricken almost simultaneously, which, defying identification, symbolizes the fusing of all the incidents of the tragic drama into an integrated entity.

The jury were warranted in concluding that while the homicide was not premeditated murder, the act of appellant, who at most was threatened only with a missile in the hands of deceased, in repelling this threat with a shotgun, used unnecessary force and unwarrantably ignored the simple and saving expedient of closing the door through the crack of which he had thrust the gun, and behind which he could have sought refuge and maintained security for all concerned without losing face.

Affirmed.