### JESSIE TORRES v. STATE

No. 30,823. December 16, 1959
Motion for Rehearing Overruled February 3, 1960
Second Motion for Rehearing Overruled March 2, 1960

114

DAVIDSON, Judge, dissented.

*Wm. F. Moeller, Fly* & *Moeller,* and *Arthur L. Lapham,* Victoria, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for rape by force; the punishment, life.

The court in submitting the case to the jury made appellant's guilt depend solely upon its finding that he was acting as a principal with Ted Vargas in commission of the offense charged.

The prosecutrix, 17 years of age, her male companion, and another girl and her male companion, parked their car by the roadside about 11:30 P.M. and walked down on a creek. Shortly thereafter, appellant and six companions, all Latin-Americans, arrived, parked their car nearby, scratched the body of the parked car, tore off its antenna, raised the hood and threw sand on the motor. When the prosecutrix and her companions appeared they were not allowed to leave. Appellant's group struck the girls' companions, jerked prosecutrix' bra off, removed her blue jeans, and she was held while several members of the group had numerous acts of intercourse with her without her consent. Ted Vargas had the first act; appellant was third, but after getting on top of the prosecutrix, he was pulled off before he could penetrate her. The written statement of appellant was introduced in evidence by the state and it in part reads: "Ted (Vargas) had intercourse with her and then I started to have intercourse with her and then I had a rubber on but before I could get started, I was between her legs, someone pulled me off and Thomas or Ted (Vargas) was having intercourse with her and when I attempted to have intercourse with her she was unconscious. After Thomas or Ted (Vargas) got through we put her clothes back on, then I carried her halfway to the creek and Ted (Vargas) carried her some. She was

undressed again and David, Alfred and me put water on her face. While we were putting the water on her face to bring her to, Ted (Vargas) was having intercourse with her * * * ".

Appellant while testifying in his own behalf, stated that soon after they had met the girls that he told one of his companions that they would be "easy"; that he intended and tried to have intercourse with the prosecutrix, but he didn't because he was pulled away; that he put water on the prosecutrix' face while Ted Vargas was having intercourse with her.

The proof shows that the appellant, before and after the attack, threatened to kill the prosecutrix if she told what they did.

The voluntary character of appellant's written statement introduced by the state was submitted to the jury.

The evidence is sufficient to support the conviction.

Appellant filed oath of his inability to pay for a transcript of the evidence. He contends that he was deprived of his informal bills of exception reserved during the voir dire examination of the prospective jurors because the trial court declined to order the court reporter to furnish him a complete transcript of the voir dire examination of all of these jurors.

Appellant relies upon Art. 759a, Sec. 2(c) V.A.C.C.P., which provides that the defendant may reserve in the statement of facts, or by informal bill of exception, objection to argument of state's counsel, motion to withdraw testimony, or ruling of the trial court made during the trial of the case.

Section 5 of Article 759a V.A.C.C.P. provides that the court shall order the official court reporter to make "a statement of facts in narrative or question and answer form, as the defendant in said affidavit shall request" ————— "when a defendant in a felony case appeals and is not able to pay for *a transcript of the evidence* (and he makes) an affidavit of such fact."

Clearly, the statement of facts referred to in section 5 means "a transcript of the evidence."

Under the terms of Section 6 of Art. 759a it applies to the evidence adduced in connection with any motion heard in the case, which shall be filed separately with the clerk, and rejected testimony offered to perfect a bill of exception to its exclusion (Section 2a).

Appellant is in no position to complain and does not contend that he has been deprived of a statement of facts.

The record contains a statement of facts in question and answer form consisting of 533 pages, and a 193 page transcript in question and answer form of the evidence adduced on hearing of appellant's motion for new trail, certified by the official court reporter, agreed to by the district attorney and county attorney, and by the attorneys for appellant, and approved by the trial judge.

The bill of exception certifies that the court instructed the court reporter, in the presence of appellant and his counsel, to go over his shorthand notes and recorded records of the voir dire examination of the jurors and of argument of counsel to the jury and "to transcribe from them any excerpts both of the voir dire examination and argument that counsel might specifically point out."

After hearing the recording of argument of counsel for the state, and the court reporter having transcribed the portion of the argument which counsel requested, counsel for appellant prepared a formal bill of exception to these remarks and withdrew his demand that the entire argument be transcribed.

Counsel did not request the court reporter to play back or read from his records any portion of the voir dire examination of the jury, but declined the court's offer to instruct the court reporter to do so "stating to the court it would require him to sit for about 3½ days listening to same." He reserved his exception to the court's refusal to require the official court reporter to transcribe his notes and reduce to writing *all of the* voir dire examination of the jury, contending that such refusal was depriving appellant of the many informal bills of exception which were made during such examination.

Under the court's ruling counsel for appellant was not deprived of these informal bills.

Appellant's counsel declined to accept a transcript of that portion of the record which would have constituted informal bills of exception which he desired to present on appeal, and failed to prepare formal bills of exception and, if necessary, bystanders bills.

We are not here dealing with a situation where the voir dire examination of the jurors is relied upon in a motion for change of venue or for a new trial because venue was not changed as no motion for change of venue was filed.

In such cases this court has observed that the entire examination would be helpful in passing upon such motions. If offered for that purpose the examination would become a part of the transcript of the evidence in connection with the motion.

Error is urged because the trial court in the absence of the appellant communicated with the jury during its deliberations.

The record shows that, in the absence of the appellant, the sheriff delivered a written note containing a question from the jury to the judge, and the judge said to the sheriff in substance: "Just take this note back up there and tell them that the court can't answer it," which the sheriff did.

A similar contention was considered and fully discussed in Davis v. State, No. 30,202, 168 Tex. Cr. Rep. 72, 328 S. W. 2d 765, 767. It was there concluded that: "Where the judge refuses to answer the question and says no more, reversible error is not reflected by his failure to bring the jury into the courtroom in the presence of the accused and his counsel in order to deliver his note of refusal to them."

The record does not show the age of Ted Vargas, and, in the absence of such proof, we need not consider the complaint of the refusal of appellant's requested charge that unless Ted Vasgas was over 14 years of age, appellant could not be convicted as acting as a principal with him in the commission of the offense charged.

Appellant complains of the refusal of the court, at the close of the state's case in chief, to require the state to elect the act upon which it relied for a conviction.

The evidence shows several acts of sexual intercourse by force and threats. The evidence thereof was admissible as res gestae.

Under the facts no election was required at the close of the state's case in chief. Ledesma v. State, 147 Tex. Cr. Rep. 37, 181 S. W. (2d) 705.

Appellant contends that the trial court erred in refusing to grant his amended motion for a new trial because of jury misconduct in that the jury received new evidence while they were deliberating which was prejudicial to him.

He insists that such misconduct of the jury consisted of its consideration of new and unsworn testimony of the indeterminate sentence and parole laws in assessing the term of life imprisonment.

On the hearing appellant called seven of the jurors and the state called two. The testimony shows that no juror stated what the law was pertaining to the time a prisoner would have to serve before release because none of them knew. All thought he would be released after serving part of the sentence; and some stated they thought he would be released when he had served one third of the sentence. Others mentioned that they had heard or knew of prisoners being released after serving part of the sentence.

It is common knowledge that an inmate of the penitentiary is credited with extra time on his sentence for good behavior and also for special and essential work. 1 Branch's Ann. P.C., 2d Ed., Sec. 586, pp. 561-562; Walker v. State, 150 Tex. Cr. R. 421, 201 S.W. (2d) 823; Plasentilla v. State, 152 Tex. Cr. R. 618, 216 S.W. (2d) 187; Montello v. State, 160 Tex Cr. R. 98, 267 S.W. (2d) 557.

The jury's discussion reveals no untrue or incorrect statements by them of the time an inmate must serve before he is eligible for parole. Therefore, the discussion was not prejudicial to the rights of the appellant and no error is shown. Art. 781d, Vernon's Ann. C.C.P. Section 15, Roberson v. State, 160 Tex. Cr. R. 381, 271 S.W. (2d) 663; Johnson v. State, 165 Tex. Cr. Rep. 237, 305 S.W. (2d) 606; Napier v. State, 166 Tex. Cr. Rep. 361, 314 S.W. (2d) 102.

The judgment is affirmed.

Opinion approved by the Court.

DAVIDSON, Judge (dissenting).

The denial to a defendant of a right which is expressly given him by statute is prejudicial error of and within itself.

If the rights expressly given to and conferred upon a defendant by the statute law of this state are to be denied and withheld at the option and will of the courts, trial by and according to law can not exist.

In connection with and as a part of his motion for a new trial, appellant filed his pauper's affidavit as authorized by Art. 759a, Sec. 5, Vernon's C. C. P., showing that he was unable to pay for a transcript of the facts and asking that he be furnished a statement of the facts, "including the voir dire examination of jurors and arguments of counsel for the State."

When the appellant made and filed that affidavit he availed himself of and claimed a right which the statute law of this state gave him and one which neither the trial court nor anyone else was lawfully authorized to withhold and deny.

This court expressly so held in the case of Wallace v. State, 138 Tex. Cr. R. 625, 138 S. W. 2d 116, wherein, in construing the above statute and the affidavit made thereunder, we said:

"We are of the opinion that the order here requested did not involve the exercise of judicial discretion but was a ministerial act. Therefore when appellant notified Judge Gist that the affidavit had been filed and requested him to make an order directing the court reporter (who was then under his control and direction) to prepare the statement of the facts, Judge Gist should have complied with the request. This court has held an appellant's right to a statement of facts, *upon proper presentation of a pauper's affidavit, to be absolute,* and that *no discretion was invested in the trial court to refuse the same.*"

See, also, Harwell v. State, 147 Tex. Cr. R. 505, 182 S. W. 2d 713, and Zamora v. State, 165 Tex. Cr. R. 613, 309 S. W. 2d 447.

In this case, the trial court recognized the right of the appellant, under his pauper's affidavit, to be furnished a statement of facts in question-and-answer form, as provided by statute, for, upon the overruling of the motion for new trial, he entered the following order:

" * * * the Court reporter for this District is *directed* to prepare a statement of facts, in question and answer form, in duplicate, as provided by Section 5 of Article 759a of the Code of Criminal Procedure of the State of Texas."

The trial court thus performed the duty devolving upon him by statute.

The duty to furnish the statement of facts was definitely that of the court reporter. In obedience to that order, the court reporter prepared and delivered to appellant's court-appointed counsel the original and duplicate copies of the statement of facts "in connection with the trial of the case on the merits, composed of 534 pages, and also the original and duplicate original of the statements of fact in connection with hearing on defendant's amended motion for new trial, composed of 196 pages."

Bill of exception No. 1 certifies that:

"The court reporter did not prepare a typewritten transcript of the voir dire examination of the jurors in the trial of this case, nor did he reduce to writing and furnish counsel for the defendant a transcript of the argument of State's counsel made before the jury in the trial of the case."

Appellant timely brought to the trial court's attention the fact that the official court reporter "had not transcribed and made a part of such statement of facts theretofore delivered to (his) counsel * * * the voir dire examination of the jurors and the argument of State's counsel to the jury," and moved that "the Trial Court order the official court reporter to transcribe in duplicate the said voir dire examination of the jurors and the argument of the State's counsel to the jury in the case." In making such request, "counsel for defendant called the attention of the Trial Court to the fact that in said voir dire examination of the jurors and the argument of counsel for the State made to the jury many informal bills of exception were made and reserved" and that he, defendant's counsel, "needed the same to properly perfect an appeal to the Court of Criminal Appeals in this case."

The trial court refused to so order the court reporter to prepare the transcription because he was of the opinion that "the official court reporter was not required under Article 759a of the Code of Criminal Procedure of the State of Texas to furnish defense counsel a transcript of the voir dire examination of the jurors on the panel or of the argument of the State's counsel before the jury."

There is no escape from the conclusion that the trial court, by such refusal, was in error. The entire matter was out of his hands. He had entered the order which, under the statute, appellant's affidavit required him to make. He had no further control over the matter.

If the voir dire examination of the jurors was a part of and was included within the meaning of the term "statement of facts," as used in the statute (Art. 759a, Vernon's C. C. P.), it was the duty of the court reporter to furnish one to appellant and the order of the trial court could not relieve him of that duty or deprive appellant of the statement of facts.

In connection with that refusal and the reason therefor, the trial court certified in the bill of exception that "The examination of the jury panel required three and a half days before the twelfth juror was finally accepted. The court reporter estimated that transcription of such voir dire examination would require over a thousand pages of typewritten matter."

Subsequent to the foregoing order, appellant's counsel by formal bill of exception perfected his complaint of the argument of state's counsel and withdrew the request for a transcription of such argument.

Appellant insisted, however, upon his right to have the statement of facts covering the voir dire examination of the jurors.

The trial court "did instruct the court reporter in the presence of the defendant and his counsel to go over his short-hand notes and recorded records of the voir dire examination of the jurors * * * and to transcribe for them any excerpts * * * of the voir dire examination * * * that counsel might specifically point out."

Appellant's request was again before the trial court, at which time "in the presence of the defendant's counsel on March

20, 1959, in open court, the Court again directed the court reporter to either read his shorthand notes of the voir dire examination to the counsel for the defendant or play back his recording thereof, as counsel preferred, and directed the court reporter to transcribe such portions of said voir dire examination having to do with any objections that defense counsel had taken as defense counsel might direct."

Defense counsel declined the offer to have the court reporter read his notes or play back the recording touching the voir dire examination.

Two days thereafter, counsel for appellant "continued his objection to the Court's refusal to require the official court reporter to transcribe his notes and reduce to writing all of the voir dire examination of the jury."

It was the contention of appellant, as certified in the bill of exception, "that the Trial Court's refusal to order the official court reporter to transcribe and deliver to the defendant's attorneys a transcript of the voir dire examination of the jury" deprived "the defendant of the many informal bills of exception that were made during the voir dire examination of the jury and that, by such refusal of the Trial Court, the defendant is deprived of an essential portion of the record needed by him to properly perfect his appeal to the Court of Criminal Appeals by informal bills of exception as provided by Articles 759a and 760c of the Code of Criminal Procedure of the State of Texas, and that he is not being afforded due process of law under the laws of the State of Texas and the United States."

The foregoing facts and certificates are taken from the bill of exception prepared and filed by the trial court after having refused to approve the bill of exception prepared by appellant's counsel.

The trial court's action is susceptible of but one construction, which is that he was requiring appellant to resort to formal bills of exception in order to present to this court the errors he claimed occurred in the examination and selection of the jury, rather than to present the claimed errors by informal bills of exception contained in the statement of facts.

It must be remembered that when an appellant is required to present his contentions by formal bills of exception, such

bills of exception are subject to the scrutiny of and must meet the approval of the trial judge.

In the event the appellant and the trial court can not agree upon the bills of exception, appellant's sole and only recourse is to resort to bystanders' bills of exception, which means that he loses—entirely—his bills of exception unless he is able to secure bystanders to attest the correctness of his bills of exception, though, even then, the bystanders' bills are not conclusive.

No such condition could or would arise by resort to the statement of facts and the presentation of bills of exception thereon, as the law authorizes. It was to prevent the necessity for formal bills of exception and bystanders' bills that the legislature enacted Art. 759a, Vernon's C. C. P.

That the right thus conferred by statute is a valuable right can not be denied.

The stenographic report, as made by the court reporter at the time the event or incident occurs and the objection is offered and ruling made, is the surest and fairest way to present and preserve the record and the errors claimed to have occurred upon the trial of a criminal case for review by this court.

Appellant had the right to demand that he be furnished a statement of the facts embodying his bills of exception taken during the trial. He was under no duty to accept any substitute therefor, nor could he be required to resort to formal bills of exception in order to preserve and present his complaints as to errors on the part of the trial court made during the trial of the case, especially where the stenographic report covered the incident, as here, in the examination of the jurors on voir dire.

There was a time in this state when a defendant was required to resort to formal bills of exception to preserve and present for the review of this court errors claimed to have been committed during the trial of the case, but the legislature of this state has since enacted Art. 759a, Vernon's C. C. P., authorizing a statement of facts in question and answer form and the incorporation therein of informal bills of exception to any *"ruling of the trial court made during the trial of the case."* Art. 759a, Vernon's C. C. P., Sec. 2, subsection C.

Surely it can not be said that the selection of the jury and the examination of the prospective jurors in a capital felony case are not a part of the "trial of the case."

If the selection of the jury is not a part of the trial of the case, then no jury can be selected.

A capital felony case can not be tried without a jury. The jury is a part of the trial and necessary thereto.

Indeed, in Slater v. State, 166 Tex. Cr. R. 606, 317 S. W. 2d 203, in passing upon a question of change of venue, we called attention to the fact that the voir dire examination of the venire panel was not before us.

Of necessity, therefore, the examination of the venire or the prospective jurors is a part of the trial and the evidence adduced thereon is a part of the statement of facts.

The trial court, here, seeks to justify his denial of the statement of facts for the reason that it would necessarily be a voluminous document of over a thousand pages of typewritten matter.

There is no reason for denying the appellant that which the statute gives him the right to. There is nothing in the statute which says that the court reporter would not be required to furnish the statement of facts of one thousand or more type-written pages.

Let it be understood that the court reporter is not required to furnish, gratis and without compensation, the statement of facts. The state pays therefor at the rate of one-half of the amount provided by law in civil cases.

I call attention to the fact that the evidence, here, fails to show that appellant directly committed the crime of rape—that is, that he accomplished the necessary act of penetration. The prosecutrix did not testify that he did.

The evidence is wholly insufficient to authorize appellant's guilt as a principal to the commission of rape by another.

I respectfully dissent.

### ON MOTION FOR REHEARING

DICE, Judge.

In his motion for rehearing, appellant strenuously insists that we were in error, in holding that the court did not err in refusing to require the state to elect the act upon which it relied for a conviction at the close of the state's case in chief. Appellent relies upon Johnson v. State, 110 Tex. Cr. R. 292, 8 S. W. 2d 121, where a conviction was reversed because of the court's refusal to require the state to elect at the close of the state's testimony. In the Johnson case the testimony showed two acts of intercourse with the prosecutrix, one by the accused and another by his companion, which, as stated in the court's opinion, authorized a finding that both were principal offenders in each of the rapes. In the Johnson case the court charged on principals and under the charge the jury was authorized to convict the accused for either offense. In the case at bar, appellant's guilt under the court's charge, as stated in our original opinion, was made to depend solely upon the jury's finding that he was acting as a principal with Ted Vargas in the commission of the offense. The court's charge was tantamount to an election. Williams v. State, 105 S. W. 1024, and Hazzard v. State, 115 Tex. Cr. R. 622, 27 S. W. 2d 191. Under the charge the jury could only convict appellant upon a finding that he acted as a principal with Ted Vargas. It could not, as contended by appellant, convict him upon a finding that he acted as a principal with any of his other companions.

Remaining convinced that the case was properly disposed of in our opinion upon original submission, the motion for rehearing is overruled.

Opinion Approved by the Court.