TURNER *v.* STATE

No. 42161 May 21, 1962 141 So. 2d 249

*Lowrey & Stratton,* Liberty, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

GILLESPIE, J.

Appellant was indicted, tried and convicted of the murder of Airie Mae Williams and sentenced to life imprisonment.

Appellant and several other men were drinking and shooting dice in the home of deceased. An automobile drove up in front of the house and, at appellant's direction, deceased gave appellant his pistol. Appellant went to the door with the pistol in his hand to see who was in the automobile. The automobile drove away and appellant handed the gun to Jim Felder. The deceased got the gun from Felder and gave it to J. T. Travis, and told Travis to hide it, but he laid the gun on the bed near where appellant and others were shooting dice. The deceased picked up the gun from the bed and started to a back room and was followed by appellant who demanded deceased to give him his gun, cursing her at the same time. Appellant took hold of the stock of the gun and the deceased was holding onto the barrel with her left hand and holding her one-year old baby in

her right arm. Appellant slapped deceased with his right hand and told her he was going to kill her because she was helping those who were gambling with him. Deceased cried out several times, "Don't do that," and about that time the gun fired, striking deceased's child and entering deceased's stomach. She collapsed and died within a short time.

■ ■ Appellant first assigns as error the admission of testimony that the bullet that killed deceased also struck and injured the one-year old baby deceased was holding in her arms when she was shot. In the first place, most of this evidence concerning the shooting of the child went into evidence without objection, but it was not error to admit this evidence because it was part of the res gestae. The same bullet that killed deceased also struck the child she was holding in her arms. Walker v. State, 201 Miss. 780, 30 So. 2d 239.

Appellant assigns as error the refusal of the court to grant two instructions, but after a careful examination we find there was no error committed in this regard.

■ ■ Appellant also contends that evidence of other crimes and inflammatory matters were admitted in evidence to the prejudice of appellant, and for that reason he did not receive a fair trial. The record does not reveal any error in admitting evidence that the defendant was engaged in selling liquor, that he shot the baby, or that he was apparently living in adultery with deceased. All these matters were admitted as part of the res gestae and the facts could not have been properly related without bringing out these matters.

■ ■ Appellant assigns as error the fact that the court did not allow him to cross examine witness E. F. Felder. This witness had testified for the State and appellant was entitled to cross-examine him, but instead, called him as his own witness. He then stated to the court that he was surprised and would like to cross-

examine the witness. The court refused and appellant did not follow up this request. He did not show how or why he was surprised, nor did he show or attempt to show what he intended to accomplish by a cross-examination. Under these circumstances, appellant is in no position to complain.

 Finally, appellant contends that the evidence did not justify a verdict of murder, but only manslaughter. We hold that the jury could properly have found appellant guilty of either murder or manslaughter under the evidence, but that there was ample evidence that the killing was premeditated.

A careful review of the entire record reveals that appellant received a fair and impartial trial and we find no reversible error.

Affirmed.

*Lee, P. J.,* and *Kyle, McElroy* and *Rodgers, JJ.,* concur.