**Leport WALTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 39174.

Court of Criminal Appeals of Texas.

Jan. 5, 1966.

Rehearing Denied Feb. 9, 1966.

Saunders & Caldwell by J. Byron Saunders, Tyler, for appellant.

· W. E. Coats, Jr., Dist. Atty., Tyler, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is murder; the punishment, 50 years.

The homicide occurred after midnight on New Year's Eve at the Palomino Club. Appellant was the owner, and the deceased was a patron.

The State's witnesses testified that an altercation arose between the wife of the deceased and a female employee of appellant, that deceased attempted to separate the women, and that appellant came to the table, asked "who is pushing my woman", to which deceased replied that he was trying to separate them and told appellant that he had no argument with him, at which time appellant pointed a pistol at deceased and fired. It was shown that this bullet killed the deceased instantly.

Appellant's witnesses' version of the transaction was that deceased hit appellant with his fist and continued to advance upon him with his right hand in his pants pocket, whereupon, appellant fired the fatal shot. The defense witness Williams testified that at some time prior to his death the deceased had pulled a knife on him and that he had later told appellant about it. The witness Nash, who had been a deputy sheriff at the time of the homicide testified as to the location of the body of the deceased at the time he arrived at the scene.

Appellant, testifying in his own behalf, stated that when he went to quell the disturbance at the table, the deceased threatened to kick him, then hit him, and that based upon what Williams had told him, he shot the deceased because he did not know what he had in his pants pocket where his right hand was as he was advancing toward him.

The jury resolved the issue of self defense against the appellant, and we find the evidence sufficient to support the conviction.

The sole question presented for review by brief and in argument is the failure of the trial court to grant a motion for new trial because of alleged jury misconduct. There is no contest over the following facts. Appellant was tried in the District Court of Smith County in 1964, and received a sentence of five years. From this conviction he appealed to this Court, and his conviction was reversed. Walton v. State, 386 S.W.2d 805. He was tried again in 1965 on the same indictment and received a sentence of 50 years. The jury was able to determine from the testimony that there had been a prior trial of this same case, but there was no evidence as to what punishment had been assessed. While the jury was in their quarters, and prior to reporting their verdict to the court, the following occurred. One of the jurors asked "Does anyone know what he received before?", and another said, "Anybody in here know what he received?", and the juror Landrum said, "I read in the paper that he had received fifty years."

The only issue upon which the trial court was called to decide was whether this statement was made before or after the jury had reached their verdict. Juror Landrum, who admits that he furnished the information which he later learned to be incorrect, staunchly maintained at the hearing on the motion that this occurred after all the jurors had voted for a 50 year verdict and that one of his fellow jurors said,

"Is it a coincidence * * * that we * * * gave the same amount."

Juror Moegelin testified just as emphatically that every juror save him had cast their votes at the time the statement was made, and that it was after he heard the statement that he agreed to the 50 year verdict which was in excess of what he had been favoring up until that time.

The other ten jurors were far less certain. Some claimed that they did not hear the statement made at all; one was emphatic in his assertion that it was not made while he was in the jury room. He stated that he went to the rest room immediately after the jury agreed upon a verdict. Others stated that they were not sure whether it was made before or after the verdict was agreed upon. They all agreed that some time did elapse after they reached their verdict and before the bailiff could be summoned to bring them into court.

It has been the consistent ruling of this Court that where an issue of fact is drawn as to what occurred in the jury room, the proper tribunal to decide that issue is the trial judge, who hears the witnesses. It is apparent from his ruling that the trial court accepted the testimony of juror Landrum, and we find no abuse of discretion. See Loshe v. State, 160 Tex. Cr.R. 561, 272 S.W.2d 517, and Judge Hawkin's opinion on rehearing in Freeman v. State, 95 Tex.Cr.R. 515, 254 S.W. 791.

Finding no reversible error, the judgment is affirmed.

### ON APPELLANT'S MOTION
### FOR REHEARING

DICE, Commissioner.

Appellant insists that in addition to the alleged jury misconduct which was discussed in our opinion on original submission, the jury discussed the number of years which he would be required to serve if he were assessed punishment of fifty years.

While the record reflects that there was a discussion in the jury room with reference to how long appellant would be required to serve if he were assessed punishment of fifty years, there was a conflict in the testimony as to what was actually said.

The record does not reflect any undisputed testimony showing a misstatement of fact relative to the granting of parole.

In refusing to grant a new trial, the court did not err. Torres v. State, 169 Tex.Cr.R. 113, 331 S.W.2d 929.

Remaining convinced that a proper disposition of the case was made in our opinion on original submission, the motion for rehearing is overruled.

Opinion approved by the court.