**Ruben TREVINO, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 39679.

Court of Criminal Appeals of Texas.

June 8, 1966.

Rehearing Denied Oct. 12, 1966.

Second Motion for Rehearing Denied Nov. 23, 1966.

Third Motion for Rehearing Denied Jan. 18, 1967.

H. C. Petry, Jr., Carrizo Springs, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

McDONALD, Presiding Judge.

The offense is unlawful possession of the narcotic drug, marijuana; the punishment, 30 years in the penitentiary.

Appellant plead guilty to the offense, and the sole issue before this court is whether or not certain remarks by one

juror, made during deliberation as to punishment, constitute jury misconduct.

All twelve jurors testified at the hearing on appellant's motion for new trial.

Juror Dale Hall testified that he had favored a 10-year sentence until juror Merlin Gary stated that if the jury gave the defendant 30 years he would only have to serve 10 years; that he was influenced by this statement; and that he thereafter agreed to a 30-year sentence.

On the witness stand, juror Robert Sramek controverted his own affidavit in which he had sworn that such a statement had been made. He testified that the statement actually made was that "if he got 30 years he might get out in 8 or 10 years and we might see him out on the streets." He testified that the statement was made as "more of a probability" than a definite assertion that appellant would serve only 10 years.

Nine jurors did not hear the statement which juror Hall attributed to juror Gary.

Juror Gary testified that "to the best of my knowledge I said if we agree on a 30 year sentence that he will probably be out in 8 or 10 or possibly 12 years."

We find no abuse of discretion in the trial court's overruling of appellant's contention that the statement of juror Gary constituted jury misconduct which deprived him of a fair trial. Mandujano v. State, 170 Tex.Cr.R. 166, 339 S.W.2d 528; Salcido v. State, 167 Tex.Cr.R. 173, 319 S.W.2d 329; Montello v. State, 160 Tex.Cr.R. 98, 267 S.W.2d 557; Plasentilla v. State, 152 Tex.Cr.R. 618, 216 S.W.2d 187.

■ We further observe that no statement of facts relating to the trial before the jury accompanies the record and there are no formal bills of exception, in the absence of which this court is not in position to appraise the claim that the remarks of certain jurors constituted "other testimony".

The judgment is affirmed.

## OPINION
## ON APPELLANT'S MOTION FOR REHEARING

DICE, Commissioner.

Appellant insists that the statement in our opinion, affirming his conviction, that juror Sramek testified that the statement actually made by juror Gary during the jury's deliberation as to punishment was "if he [appellant] got 30 years he might get out in 8 or 10 years and we might see him out on the streets" is wholly unsupported by the evidence, and that under the record he should have been granted a new trial.

In the light of such contention, we have again reviewed the evidence adduced at the hearing on the motion for new trial and find that the juror did testify as stated in the opinion.

■ A fact issue was raised by the evidence as to whether juror Gary's statement was made as an assertion of fact or a mere expression of probability that appellant would be released from the penitentiary in eight or ten years if given a sentence of thirty years.

■ It is within the province of the trial judge to decide the issue against appellant and, under the record, he did not abuse his discretion in refusing to grant a new trial.

The motion for rehearing is overruled.

Opinion approved by the court.

## OPINION
## ON APPELLANT'S SECOND MOTION FOR REHEARING

MORRISON, Presiding Judge.

■ Appellant has urged that we refuse to consider the testimony of jurors Sramek and Gary because of certain inconsistencies found in their testimony under the rule which has been given application in civil cases in Easton v. Dudley, 78 Tex. 236, 14

S.W. 583. We need not decide whether to give application to such rule in criminal cases, because we do not find that a definite issue was made at the hearing on motion for new trial. The juror Hall stated that the positive statement was made and that it was made by Merlin Gary. Gary unequivocally stated that he made no such statement.

The issue of fact was decided by the trial court and is binding on this Court under the rule announced in Walton v. State, 398 S. W.2d 555.

Appellant's second motion for rehearing is overruled.