BOWLING, Justice,
for the Court:
Appellant Henderson Sharp, Jr. was indicted, tried and convicted in the Circuit Court of Lowndes County for the crime of aggravated assault. He received a sentence of fifteen years in the custody of the Mississippi Department of Corrections.
The only assignment of error is the alleged admission by the lower court of evidence concerning other offenses.
The incidents involved in the cause occurred on July 13, 1982. Appellant was an employee of a construction company that was engaged in a road construction job on said date. During the day appellant was dismissed from his job as a laborer by the construction company superintendent, one W.E. Davis. The evidence leading to the dismissal is immaterial in deciding this appeal. Appellant returned to the job site later in the day with a single barrel shotgun loaded with one shell containing No. 8 shot. Appellant admittedly fired the gun at Davis, striking him. A number of shot went further and struck the leg of James Douglas Newman, an equipment operator.
Although appellant contends in his assignment of error and statement of the case that the court overruled numerous objections by appellant to the admission of evidence of other offenses from that stated in the indictment, appellant’s brief does not set out any of these alleged offenses other than indicating a homicide referred to in the statement appellant gave law enforcement officers shortly after the incident occurred. When this statement was presented, during testimony of a law enforcement officer, there was an objection by appellant’s attorney to the statement for the reason that it contained evidence of a crime other than shooting James Douglas Newman — that of shooting W.E. Davis. The trial court obliterated a part of the statement dealing with an altercation between appellant and Davis. The statement was a description by appellant of the events leading up to his being fired, which statement then related that appellant went home and secured his gun with the intention of going fishing. As hereinbefore stated, he admit *1011 ted he went to the construction site with the gun and fired it at Davis. The only thing in the statement regarding the effect on Davis was that Davis wobbled and grabbed his shoulder.
As stated, the brief contends that the admission of the statement saying that Davis was shot by the same single shot that carried on and struck the leg of Newman was error.
It is clear that appellant’s assignment of error and argument thereunder has no validity. The two alleged crimes resulted from one firing of the one shell from the single barrel shotgun. It is elemental that as a general legal principle, the commission of other crimes may not be introduced during the trial of a person for a crime unrelated to the others. We obviously do not have such a situation here.
In Lee v. State, 242 Miss. 97, 134 So.2d 145 (Miss.1961), we stated:
Evidence which is material, relevant, and otherwise competent to prove the guilt of the accused in a case of this kind cannot be excluded because it may result in the disclosure of facts relating to the commission of other crimes. And commission of such other crime, as in the case that we have here, forms a part of a chain of facts so intimately connected that the whole must be heard in order to interpret its several parts. Raines v. State, 81 Miss. 489, 33 So. 19; Collier v. State, 106 Miss. 613, 64 So. 373; Hurd v. State, 137 Miss. 178, 102 So. 293; Stone v. State, 210 Miss. 218, 61 So.2d 781; Bellew v. State, 238 Miss. 734, 106 So.2d 146.
It is generally held that, “If several crimes are intermixed, or blended with one another or connected so that they form an indivisible criminal transaction, and full proof by testimony, whether direct or circumstantial, of any one of them, cannot be given without showing the others, evidence of any or all of them is admissible against a defendant on trial for any offense which is itself a detail of the whole criminal scheme.” Underhill’s Criminal Evidence Fifth Ed., Vol. 1, p. 471, Sec. 207. See also Bangren v. State, 198 Miss. 359, 22 So.2d 360; Massey v. State, (Miss.1944), 19 So.2d 476; State v. Sykes, 1905, 191 Mo. 62, 89 S.W. 851; Claxton v. State, 1928, 109 Tex.Cr.R. 345, 4 S.W.2d 542; Hazzard v. State, 1930, 115 Tex.Cr.R. 622, 27 S.W.2d 191. (134 So.2d at 150-151).
In Turner v. State, 244 Miss. 206, 141 So.2d 249 (1962), we stated the following:
Appellant first assigns as error the admission of testimony that the bullet that killed deceased also struck and injured the one-year old baby deceased was holding in her arms when she was shot. In the first place, most of this evidence concerning the shooting of the child went into evidence without objection, but it was not error to admit this evidence because it was part of the res gestae. The same bullet that killed deceased also struck the child she was holding in her arms. Walker v. State, 201 Miss. 780, 30 So.2d 239. (141 So.2d at 250).
From the foregoing discussion of both the evidence and the law, it is clear that the one assignment of error propounded by appellant has no validity and we have no choice but to affirm the cause.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., HAWKINS, DAN M. LEE, ROBERTSON and SULLIVAN, JJ., concur.
PRATHER, J., not participating.