465 So.2d 318 (1985)
William WILEY
v.
STATE of Mississippi.
No. 54643.
Supreme Court of Mississippi.
March 6, 1985.
*319 James D. Franks, Hernando, for appellant.
Bill Allain, Atty. Gen. by Catherine Walker Underwood, Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and SULLIVAN and ANDERSON, JJ.
ANDERSON, Justice, for the Court:
This is an appeal from the Circuit Court of DeSoto County, the Honorable Andrew Baker presiding, wherein appellant was indicted, tried and convicted of aggravated assault. He was sentenced to a term of twenty years with the Mississippi Department of Corrections.
Finding Wiley's assignments of error without merit, we affirm his conviction.

FACTS
On August 22, 1981, near the midnight closing time, Mrs. Patricia Harvey, who worked at the Quick Line Grocery, was preparing to close the store. She picked paper up in the parking lot, put it in the trash can, turned and was shot in the head, neck, shoulder and chest. Appellant admitted that he had been lying in wait for thirty minutes to rob the store. He had been drinking that day, lost all his money in a gambling game and decided to rob the store with a sawed off shotgun he kept hidden in an abandoned car. Appellant confessed to having fired the shotgun but stated that he did not intend to hit Mrs. Harvey, but instead intended to shoot one J.B. Turner, who was standing near Mrs. Harvey. It was his contention that she was accidently hit by the pellets from the sawed off shotgun. Mr. Turner died from his wounds. See 449 So.2d 756 (Miss. 1984).

POINT I.

DID THE TRIAL COURT ERR IN ALLOWING TESTIMONY CONCERNING APPELLANT'S CONFESSION?
Appellant gave a six-page confession to the shooting, but contends that testimony concerning his confession should not have *320 been heard by the jury because he requested an attorney, but was not afforded one.[1] The record reflects that shortly after 10 p.m. on September 10 at the DeSoto County Jail appellant was advised of his rights for the third time[2] by investigator Stewart in the presence of Deputy Richardson and signed a waiver of those rights.
At the pretrial suppression hearing appellant readily admitted that he understood his rights, including the right to counsel. Each officer who testified at the suppression hearing specifically denied that appellant had requested an attorney. The transcript of appellant's taped confession which was introduced into evidence at the suppression hearing reflects that appellant was readvised of his rights and stated that he understood them. It further shows that appellant made no mention of desiring an attorney and he acknowledged that he had not been promised anything, nor had any threats, pressure or coercion been used against him to require him to make the statement.
This Court recognizes that when a suspect requests counsel, his request must be complied with prior to interrogation unless he initiates further communication. Davis v. State, 406 So.2d 795, 799 (Miss. 1981). We likewise recognize that when there is conflicting evidence on the admissibility of a confession, we will not disturb the trial court's findings unless it appears clearly contrary to the overwhelming weight of the evidence. Harrigill v. State, 381 So.2d 619, 623 (Miss. 1980); Curry v. State, 328 So.2d 328 (Miss. 1976). It should be noted that the trial court granted the appellant the following instruction D-3:
You are the sole judges of the facts in this case. You may consider the alleged confession in light of the manner in which it was obtained and give it such weight and credibility as you think it is entitled. Unless you believe from the evidence beyond a reasonable doubt that the alleged confession was made by the Defendant both truthfully and of his own free will, and was not the result of any hope of regard or leniency, then you must disregard the alleged confession to the extent that these facts tend to discredit it.
Based upon the foregoing we find that there was an intelligent waiver of the right to counsel and no merit to appellant's assignment of error.

POINT II

DID THE TRIAL COURT ERR IN OVERRULING APPELLANT'S MOTION FOR MISTRIAL?
Appellant argues that a mistrial should have been granted because Investigator B.A. Herron, formerly with the Mississippi Highway Patrol, in cross examination referred to "the Turner murder." Appellant moved for a mistrial, since this witness had referred to another crime. We see no merit whatsoever to appellant's contention. First, it should be noted that defense counsel asked the witness Herron if he had retired because of the poor investigation in "the case." From that line of questioning it is clear that the witness' comments were invited by defense counsel. Secondly, the murder which was referred to by defense counsel was a part of the res gestae and material to prove motive for the assault. This Court recognizes an exception to the inadmissibility of other crimes when the offense charged and that offered to be proved are so interconnected as to constitute one transaction. Gray v. State, 351 So.2d 1342 (Miss. 1977) and Sharp v. State, 446 So.2d 1010 (Miss. 1984).
*321 The remaining assignments of error are without merit and require no discussion. Finding no error in the court below, we hereby affirm the conviction.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
NOTES
[1] Appellant contends that a copy of his signed confession was admitted into evidence over his objection; however, the record in this case indicates that only a signed waiver of rights form was admitted into evidence and not the signed confession.
[2] The record reflects that on September 4 Officer Williams with the Memphis Police Department advised appellant of his rights and on September 7 Investigator Radford, likewise advised appellant of his rights and he signed a waiver; on each of these occasions appellant admitted he understood his rights.