Johnny AUMADA and Eddie Aumada, Appellants,

v.

STATE of Texas, Appellee.

No. 13–82–288–cr.

Court of Appeals of Texas, Corpus Christi.

Sept. 1, 1983.

Eric Brown, Corpus Christi, for appellants.

Grant Jones, Corpus Christi, for appellee.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

## OPINION

KENNEDY, Justice.

Appellants were tried jointly for the offense of aggravated sexual abuse and were found guilty. Punishment was assessed by the jury at confinement for 20 years for each appellant. We affirm the judgment of the trial court.

The State's evidence was to the effect that the prosecutrix and a male friend were

attacked in a park in Corpus Christi by three men. The male friend was severely beaten and the prosecutrix was dragged into a car in which she and the three men departed. For some period of time thereafter the prosecutrix was forced to perform oral sex with each of the men. She was also raped by two of the men. She made an in-court identification of appellants herein as being two of her three assailants.

■ Appellants bring forth nine grounds of error. The first ground complains of the trial court's refusal to require the State to elect whether to try the case on the theory that appellants were guilty for their own acts or as parties to the offense. They cite in support thereof *Johnson v. State,* 110 Tex.Cr.R. 292, 8 S.W.2d 121 (1928). This was a case where two men raped the prosecutrix in turn, each holding her for the other. It was held that it was error not to require an election by the State since to do otherwise would authorize the jury to find Johnson guilty twice as a principle where the evidence showed him to be guilty once as a principle and once as an accomplice.

*Johnson,* supra does not control the present situation. First, *Johnson* cites, and is based upon, a section of the penal code then in effect (Sec. 444)[1] which is no longer part of the penal code.

In addition, the penal code revision of 1974 abolished the distinction between principals and accomplices. Tex.Penal Code Ann. Sec. 7.01 (Vernon 1974).

In addition to the foregoing, our courts have held that where the evidence shows that several acts of rape were committed by one continuous act of force and threats the State is not required to elect which specific act of rape it relies upon. *Steel v. State,* 523 S.W.2d 685 (Tex.Cr.App.1975). The facts of the case before us show such a continuous act. Appellants' first ground of error in overruled.

Appellants' second ground of error complains of the trial court's refusal to suppress the identification testimony of the complaining witness. It is argued that photographs shown to the prosecuting witness during the investigation were impermissibly suggestive, however, appellants do not specify what act or acts of the police officers were calculated to suggest which pictures shown were of appellants. The argument seems to be that the opportunity to observe appellants on the night of the crime was limited due to darkness and to the prosecuting witness' having lost one of her contact lenses. It is further argued that this, coupled with the fact of her having given an inaccurate description of her assailants when first interviewed indicates that the prosecuting witness must have had some help in order to perfect her in-court identification.

■ When an in-court identification is challenged based upon the reason here claimed we apply a two part test. First, was the photographic identification impermissibly suggestive? Second, would the identification give rise to a very substantial likelihood of irreparable misidentification? *Simmons v. United States,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); *Garcia v. State,* 626 S.W.2d 46 (Tex.Cr.App.1981).

■ The trial court held a hearing on the motion to suppress identification, heard witnesses and concluded that the pre-trial display of photographs was not impermissibly suggestive. We reach the same conclusion. Appellant's second ground of error is overruled.

■ Grounds of error three and four will be treated together. They claim a systematic exclusion of Mexican-American veniremen from the jury which tried the case. Appellants are both Mexican-American and the prosecuting witness is an Anglo-American.

A systematic exclusion has been defined to mean "An all out encompassing effort to exclude all Negroes or any identifiable group in the community which may be the subject of prejudice from all petit juries regardless of trial-related considerations."

---

1. Sec. 444 read as follows: "If the testimony develops more than one separate transaction, the State should require to elect as to which one it would rely upon for a conviction."

*Ridley v. State,* 475 S.W.2d 769 (Tex.Cr. App.1972).

In the case before us the prosecutor exercised peremptory challenges to exclude eleven veniremen with Mexican-American surnames from the jury. In *Ridley,* supra, the same thing was done to exclude seven blacks from the panel. In affirming *Ridley,* the Court of Criminal Appeals said at page 772:

"We hold that no systematic exclusion has been shown. To hold otherwise would in effect be abolishing our peremptory challenge practice which has always been a part of our system to help an accused as well as the State obtain an impartial jury and a fair trial."

Appellants' third and fourth grounds are overruled.

■ The fifth ground of error alleges that the statute under which appellants were convicted was unconstitutional due to a defective caption. They argue that the caption violates Art. 3, Sec. 35 of the Texas Constitution which states, in pertinent part, "No bill ... shall contain more than one subject which shall be expressed in its title."

Appellants were tried under Tex.Penal Code Ann. Sec. 21.05 which was amended in 1973 (to take effect January 1, 1964). The caption of the amended bill is as follows:

"An act relating to the definition and penalties for certain offenses committed against children and the applicability or nonapplicability of certain defenses; amending the Penal Code, as amended, by amending subsections (b) and (c), Section 22.04 and adding subsection (d) to Section 22.04 and amending Sections 21.03, 21.05, and 21.11."

The case of *Crisp v. State,* 643 S.W.2d 487 (Tex.Cr.App.1983) sets out the test for determining adequate compliance with Art. 3, Sec. 35, supra to be "Whether the caption puts any reasonable caption reader on notice that he will find new matter in the body of the bill." We hold that the above quoted caption meets this criterion and we overrule appellants' fifth ground of error.

■ In their sixth ground of error appellants' allege fundamental error in the wording of the indictment. Tex.Penal Code Ann. Sec. 21.05(a)3 provides that sexual abuse becomes aggravated if the accused, "by acts, words or deeds occurring *in the presence of the victim* threatens to cause death, personal bodily injury, ...." It is claimed that the indictment is fundamentally defective in failing to allege that the threat occurred in the victim's presence.

We hold that the indictment in this case adequately charges an offense under Tex. Penal Code Ann. Sec. 21.05(a)3 and that the use of the words "occurring in the presence of the victim" are not necessary, the presence of the victim being implied from the manner in which the words were used. Additionally, we hold that the indictment properly challenges an aggravated sexual abuse under Sec. 21.05(a)4 because it alleges the use of a deadly weapon. We overrule ground of error number six.

■ Ground of error number seven alleges error in that the court's charge permitted a conviction upon a theory not alleged in the indictment. Specifically, it states that the indictment alleged the culpable mental state to be with intent to gratify the sexual desire of *each* defendant while the charge authorized a conviction upon a finding of an intent to gratify the sexual desire of *any* defendant. (Emphasis added.)

Appellants seem to be saying that the flaw in such a charge is that it permits a conviction on the theory of parties where such a theory was not alleged in the indictment. This ground of error is controlled by *English v. State,* 592 S.W.2d 949 (Tex.Cr. App.1980) and *Pitts v. State,* 569 S.W.2d 898 (Tex.Cr.App.1978). These cases hold that a trial court may charge the jury on the law of parties even though there is no such allegation in the indictment. Ground of error number seven is overruled.

■ Ground of error number eight is related to number seven. It alleges a variance between the indictment which charges an "intent to gratify the sexual desire of each defendant" and the proof, a portion of

which is to the affect that neither appellant reached a climax and, therefore, failed to gratify his sexual desire. They cite no case law to support such a contention.

We hold that the penal laws of this State do not contemplate the placing of such a onerous burden upon a prospective sexual abuser as to require him to enjoy himself in order to complete the crime condemned by the code. He need only *intend* to gratify his sexual desire. Ground of error number eight is wholly without merit and is overruled.

■■■ In his ninth ground of error, appellants contend that the trial court's charge is fundamentally defective because it fails to apply the law of parties to the facts of the case. We disagree. The failure of the court's charge to apply the law of parties to the facts of the case is not fundamental error. *Romo v. State,* 568 S.W.2d 298 (Tex.Cr.App.1977). Moreover, *Romo,* supra, holds that only where a defendant *if guilty, is guilty as a party,* is it reversible error for the trial court, upon timely objection or specially requested charge, to refuse to apply the law of parties to the facts of the case. As noted in *Bowers v. State,* 570 S.W.2d 929 (Tex.Cr.App.1978), if the evidence is sufficient to sustain the conviction of the defendant as a primary actor alone, a charge on the law of parties is in itself unnecessary. In the case at bar, the evidence is sufficient to sustain the conviction of appellants as primary actors, hence, appellants were not guilty *only as a party.* The trial court's charge which only abstractly charged on parties did not deny the appellants a fair and impartial trial, nor was the trial court's action "calculated to injure the rights of the defendant." See. Art. 36.19 Tex.Code Crim.Pro.Ann. (Vernon 1981). Appellants' ninth ground of error is overruled.

The judgment of the trial court is AFFIRMED.