Dwayne HARDY, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–83–318–CR, A14–83–319–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

July 26, 1984.

Jim Stafford, Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

OPINION

SEARS, Justice.

Appellant was convicted of two offenses of aggravated rape and was assessed punishment of fifty years confinement for each offense. He appeals each conviction alleging that the jury charges were fundamentally defective, that the evidence was insufficient to convict him of one of the offenses and that the trial court erred in failing to include the lesser included charge of rape in connection with one offense.

Although Appellant's guilt in both cases is clear and convincing, we must reverse Appellant's convictions and remand for new trial because of fundamental error in the court's charges.

Grounds of error one and two concern Appellant's allegation that the charge in cause number 370,212 was fundamentally defective because it authorized conviction upon a theory not alleged in the indictment. We are constrained to agree.

Appellant was indicted under TEX. PENAL CODE ANN. art. 21.03(a)(2) (repealed 1983), which stated that a defendant committed aggravated rape if he "by acts, words, or deeds places the victim in fear of death, [or] serious bodily injury ..." However, the charge given to the jury sanctioned conviction under TEX.PENAL CODE ANN. art. 21.03(a)(3) (repealed 1983), which stated that a defendant committed aggravated rape if he "by acts, words, or deeds occurring in the presence of the victim threatens to cause death, [or] serious bodily injury...." It is well-established that this constitutes fundamental error by authorizing the jury to convict Appellant upon a finding of facts which were not alleged in the indictment. *See Morris v. State*, 609 S.W.2d 782, 784 (Tex.Crim. App.1980); *Lee v. State*, 577 S.W.2d 736, 736 (Tex.Crim.App.1979).

The State argues that "the charge neither changed nor lessened the proof required by the allegations in the indictment" and, thus, fundamental error was avoided, relying on *Cumbie v. State*, 578 S.W.2d 732 (Tex.Crim.App.1979). We cannot accept this contention. Subdivision 3 of art. 21.-03(a) requires an objective evaluation of a defendant's acts, words or deeds, while subdivision 2 focuses on the victim's state of mind. The State itself illustrates the difference in the type and degree of proof required when it acknowledges that not all threats succeed in placing the victim in fear of serious bodily injury or death. The State's reliance on *Cumbie* and *Woods v. State*, 653 S.W.2d 1 (Tex.Crim. App.1983) (on State's Motion for Rehear-

ing), is misplaced. Grounds of error one and two are sustained.

In grounds of error three through five, Appellant basically argues that the charge given under both indictments, cause numbers 370,212 and 369,753, are fundamentally defective because they authorized convictions for conduct not constituting a crime, citing *Cumbie*, 578 S.W.2d at 734. We do not address the argument with respect to cause number 370,212 because of our disposition of grounds of error one and two. We agree with Appellant's contention with respect to cause number 369,753.

■ As previously stated, art. 21.03(a)(3) required a finding that defendant threatened to cause death or serious bodily injury. The abstract of the charge in that cause number also referred to the threat of serious bodily injury. However, the application paragraph authorized conviction if the jury found Appellant "intentionally or knowingly threaten[ed] to cause bodily injury or death." The requirement that threat be of *serious* bodily injury was omitted. Thus, the charge was fundamentally defective because it authorized a conviction based on conduct not a crime under art. 21.03(a)(3). *See Cumbie*, 578 S.W.2d at 734–35.

The State argues that we should read the charge as a whole because, when read in its entirety, it does not sanction a finding that Appellant is guilty of aggravated rape unless the jury found that he threatened death or serious bodily injury. The State relies on *Jackson v. State*, 591 S.W.2d 820 (Tex.Crim.App.1979), which does make that statement. However, it was made in a different context than that which the State suggests.

In *Jackson*, the charge contained the same error as the charge in this case. However, in that case the court also instructed the jury to acquit the defendant if it did not find that he threatened death or serious bodily injury. *Id.* at 823–24. The charge before this court does not contain a similar saving phrase; it merely instructs the jury to acquit Appellant if it had reasonable doubt as to his guilt (of threat-

ening death or bodily injury). Grounds of error three through five are sustained.

In grounds of error six and seven, Appellant contends that the evidence supporting the indictment in cause number 370,212 was insufficient to show that he had either threatened the victim with serious bodily injury or death or had placed her in fear of same. Appellant argues that at no time did he

> either by action, word, or deed, threaten her with the imminent infliction of serious bodily injury or death. He never exhibited a weapon. He never threatened to kill her. He never threatened or used force more than that required to secure her submission to sexual intercourse.

He relies on *Rucker v. State*, 599 S.W.2d 581 (Tex.Crim.App.1979), to support his argument that he did not threaten serious bodily injury or death because his words, "don't say anything, Don't scream, I don't want to hurt you," did not constitute an express verbal threat. Further, he did not have a weapon and the victim suffered no serious bodily injury. *Rucker* does indeed so hold. However, Appellant was tried under art. 21.03 after it was amended. The purpose of the amendment was to plug the gap created by the court of criminal appeals decision in *Rucker* and to allow such acts as the ones described above to support a conviction of aggravated rape. HOUSE COMM. ON CRIMINAL JURISPRUDENCE, BILL ANALYSIS, TEX.H.B. 364, 67th Leg. (1981).

■ A review of the testimony reveals that Appellant held a pillow over his victim's face while he raped her. Further, she testified she had trouble breathing and believed that he would smother her if she continued to resist. This evidence is entirely sufficient to authorize a conviction under either subdivision 2 or subdivision 3 of art. 21.03(a). Grounds of error six and seven are overruled.

■ In Appellant's final ground of error, he alleges that the trial court erred in refusing to submit a charge on the lesser

included offense of rape. We find no error because no evidence was adduced at trial which indicated that if Appellant was guilty, he was guilty only of rape. Such a showing is necessary to entitle Appellant to the requested charge. *See Parr v. State*, 658 S.W.2d 620, 622 (Tex.Crim.App.1983) (en banc). Ground of error eight is overruled.

Although previously noted, we would again like to point out the extreme reluctance with which we reverse Appellant's convictions. The evidence in both cases is sufficient to convict Appellant under either art. 21.03(a)(2) or (3). However, we are forced to reverse and remand for new trial because of error in the court's charges to the jury. The number of cases reversed and remanded on points similar to the ones in the instant case could be reduced if more care was taken in the preparation of the charge.

Both of Appellant's convictions are reversed and remanded for new trial.