Daniel C. SAWYER, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–84–345–CR.

Court of Appeals of Texas,
Corpus Christi.

Sept. 12, 1985.

J. Manuel Banales, Corpus Christi, for appellant.

Dale Paul Summa, Sinton, for appellee.

Before NYE, C.J., and BENAVIDES and DORSEY, JJ.

### OPINION

NYE, Chief Justice.

Appellant was convicted in San Patricio County Court of operating a sailboat without a Coast Guard approved life-saving device. Punishment was assessed by the trial court at $200.00.

In his first ground of error, appellant contends that the trial court erred in overruling his motion to dismiss the indictment for the State's non-compliance with the Texas Speedy Trial Act. TEX.CODE CRIM.PROC.ANN. art. 32A.02 (Vernon Supp.1985).

The transcript shows that appellant was originally convicted of the offense in Justice Precinct No. 5, San Patricio County on August 8, 1983, and that an appeal bond was perfected on that date. The case was then docketed in the County Court on August 15, 1983 and finally tried almost a year later on July 26, 1984.

The Texas Speedy Trial Act, TEX.CODE CRIM.PROC.ANN. art. 32A.02 (Vernon Supp.1985) provides that a court shall grant a motion to set aside an indictment, information, or complaint if the State is not ready for trial within sixty days of the commencement of a criminal action if the defendant is accused of a misdemeanor punishable by a fine only. TEX.CODE CRIM.PROC.ANN. art. 32A.02, Sec. 1(3). Appellant was charged with operating a sailboat without a lifesaving device in violation of Tex. Parks & Wildlife Code §§ 31.062 and 31.073 (Vernon 1976). The penalty for violating these sections is a misdemeanor punishable by a fine of not more than $200.00. Tex. Parks & Wildlife Code § 31.127 (Vernon 1976). Appellant

argues that the State was not ready in County Court within the required sixty days. The State contends that it was ready but alternatively argues that the Texas Speedy Trial Act is not applicable to this case because the appellant has presumably had his speedy trial pursuant to the Act when he was convicted in Justice Court, and that the trial de novo in County Court is a part of the appellate process and thereby exempt from the Act.[1]

■ We disagree with the State's contention that the Speedy Trial Act does not apply to the trial de novo in county court. The appeal from a justice court transfers the charge to the county court as if the prosecution had originally commenced in that court. TEX.CODE CRIM.PROC. ANN. art. 44.17 (Vernon Supp.1979). In the county court, the defendant receives a new trial, hence the term "trial de novo." Although the Speedy Trial Act does not explicitly provide for the situation of a trial de novo in county court, the policy considerations are the same for this situation and the case where a defendant is originally accused in county court. As our system is structured, the charge against the accused effectively commences anew when the appeal bond is filed. *See* Op.Tex.Atty.Gen. No. H–1130 (1978). We therefore hold that the Texas Speedy Trial Act is applicable to this case.

Appellant, therefore, could properly assert his rights under the Texas Speedy Trial Act in this case. In attempting to assert these rights, appellant filed a motion that stated in pertinent part:

"The offense charged in this cause is a Class C Misdemeanor. Under Article 32A.02, Section 1(3), the State is required to announce ready within sixty (60) days of the filing of the Appeal Bond with the Coounty (sic) Clerk. The record in this cause affirmatively shows that the State failed to announce ready or to file an announcement of ready within sixty (60)

---

1. The State raises this argument for the first time on appeal. At trial, the State raised no objection about the applicability of the Speedy

Trial Act and acquiesced in the pretrial hearing on appellant's speedy trial motion.

days after the filing of the Appeal Bond on August 8, 1983, or within sixty (60) days after receipt and filing of the Appeal Bond with the County Clerk on August 15th 1983. Under the specific terms of the statute, therefore, dismissal under Article 32A, Texas Code of Criminal Procedure, is mandatory (sic)."

A pretrial hearing was held on that motion wherein appellant's counsel argued that he was entitled to a dismissal because the State had not made an announcement of ready within 60 days. The prosecutor then stated that the law placed no requirement upon the prosecution to announce ready until challenged by the accused. Appellant's counsel then stated:

"I believe the Prosecutor is misstating the law. The State must make an announcement of ready before the time limitation runs out. If the Court please, that is clearly stated in the statute."

■ The trial court then overruled appellant's motion. On appeal, appellant complains of the trial court's ruling, arguing that the State failed to show its readiness, and lacking readiness, also failed to show excludable periods of delay under the Speedy Trial Act. We have carefully reviewed the statement of facts from the pretrial hearing, along with appellant's motion to dismiss on speedy trial grounds, and conclude that appellant has preserved nothing for appellate review. Generally, where an issue was not raised on specific grounds in the trial court, nothing is preserved for appellate review. *Craig v. State,* 594 S.W.2d 91 (Tex.Crim.App.1980). More specifically, where the grounds of error on appeal do not comport with matters raised in pretrial motions, nothing is presented for review. *See Hawkins v. State,* 628 S.W.2d 71 (Tex.Crim.App.1982); *Kipperman v. State,* 626 S.W.2d 507 (Tex.Crim.App.1981). In reviewing appellant's motion and his supporting argument at trial, his complaint quite specifically was that the State had not announced ready within sixty days, was required to do so, and that absent such announcement he was entitled to a dismissal of the prosecution. Appellant aban-

doned such argument on appeal, perhaps because that is not the law. *See Smith v. State,* 659 S.W.2d 828 (Tex.Crim.App.1983).

■ Appellant now raises, for the first time on appeal, a substantive question concerning the State's compliance with the readiness requirement of the Speedy Trial Act. As we read his motion to dismiss, appellant never properly challenged the State's readiness and hence there was no burden upon the State to show either its readiness or to show that excludable periods existed to excuse its unreadiness. The ground for reversal asserted by appellant on appeal does not comport with the ground asserted at trial and appellant's first ground of error is accordingly overruled.

In his second ground of error, appellant contends that the trial court erred in overruling his motion to quash the complaint. Our review of the motion to quash shows that it is too vague to preserve error. The motion reads:

### I.

The complaint fails to state an offense against the laws of the State of Texas.

### II.

The complaint purports to charge an offense under Section 31.073, Tx. Parks and Wildlife Code, but fails to charge everything that is required and necessary to charge an offense under said law.

### III.

The complaint is vague, indefinite and ambiguous and gives the Defendant no fair notice by which he may prepare a defense.

■ This motion to quash failed to adequately apprise the trial court of the manner in which the notice was vague or the manner in which the complaint did not state an offense. We hold that the trial court did not abuse his discretion in overruling the motion. *See Jones v. State,* 672

S.W.2d 798 (Tex.Crim.App.1984). Appellant's second ground of error is overruled.

 In his third ground of error, appellant complains that the trial court erred in overruling his motion for an instructed verdict. After making his motion at trial, the appellant then proceeded to present evidence. By presenting a defense, the appellant waived his motion. *Kuykendall v. State*, 609 S.W.2d 791 (Tex.Crim.App.1981). Appellant's third ground of error is overruled.

In his fourth ground of error appellant contends that the trial court's charge to the jury contained fundamental error. Appellant contends that the trial court's charge misstated the law in paragraphs I and II which instructed the jury as follows:

### I

"Our law provides that any person who operates a vessel on public waters of this State without having one Coast Guard approved lifesaving device for each person aboard is guilty of a misdemeanor.

### II

1. 'Vessel' means:

Any watercraft, other than a seaplane on water, used or capable of being used for transportation on water and includes but is not limited to any canoe, punt, rowboat, sailboat, and rubber raft, when paddled, poled, oared, or windblown."

In reviewing Tex. Parks & Wildlife Code §§ 31.003(2), 31.004, 31.062, 31.066 and 31.073, we fail to find any error, much less fundamental error in the trial court's charge.

 "Vessel" is defined in § 31.003 as any watercraft, other than a seaplane, used or capable of being used for transportation on water. When §§ 31.004, 31.062, 31.066 and 31.073 are read together, it is obvious that a Coast Guard approved lifesaving device is required on any vessel operated on the public waters of Texas. The trial court

thus did not misstate the law in the first paragraph of his charge. Additionally, in reading §§ 31.003 and 31.073 in conjunction, it is obvious that the trial court correctly instructed the jury under paragraph II of the charge. We hold that the trial court committed no error. Appellant's fourth ground of error is overruled.

The judgment of the trial court is AFFIRMED.