OPINION
JUNELL, Justice.
Owen Smith appeals a conviction for burglary of a building. After returning a guilty verdict, the jury sentenced appellant to fifteen years confinement.
In his first three ground of error appellant alleges the trial court erred in overruling his motion for instructed verdict because the evidence was insufficient (1) to prove he entered a building not then open to the public; (2) to prove he was in possession of property stolen in the burglary; (3) to convict him of burglary under the law of parties. In his last three grounds of error, appellant contends the trial court erred in overruling his objection (4) to the court’s charge on guilt or innocence; (5) to the introduction of extraneous offenses; and (6) to the failure of the court’s charge on guilt or innocence to define the term “possession.” We affirm.
Sometime between 1:00 p.m. on Sunday, May 1, 1983 and 8:00 a.m. on Monday, May 2, 1983, Dr. Alan Reichman’s office in Stafford, Texas was burglarized. The burglars gained entry by smashing a window at the back of the building. While inside the office, the burglars apparently consumed several cans of beer which they found in the office refrigerator. A cardboard Coors six-pack container covered with fingerprints was found on the floor of the office after the burglary. A fingerprint was also recovered from the outside of the smashed windowpane. Among the items missing after the burglary were some prescription pads with Dr. Reichman’s name and address printed on them and some drug samples.
Dr. Reichman is the sole occupant of the single story building. The building is accessible by ear only from South Main street. Behind the building is a vacant lot. The nearest building in any direction is two to three hundred yards away. No walkways, driveways, alleys or other thoroughfares run behind or beside the building; and except for patients or employees of Dr. Reichman, the building is not frequented by the public.
Three days after the burglary was discovered, appellant was arrested along with Rodney Archambault. Officer Galbiati of the Houston Police Department observed a car weaving in and out of traffic early in the morning of May 5, 1983. The driver, Archambault, was arrested for driving *570 while intoxicated. His passenger, the appellant, gave his name as Haworth. Appellant smelled of alcohol, slurred his speech, and moved unsteadily; He was arrested for public intoxication. During the arrest, Ar-chambault attempted to flee but was captured. An inventory search of the car revealed a loaded pistol underneath the driver’s seat and a box of drugs and prescription pads printed with Dr. Reichman’s name and address in the trunk.
The fingerprint found on the windowpane at Dr. Reichman’s office proved to be appellant’s. The evidence showed that neither appellant nor Archambault had ever been a patient or employee of Dr. Reich-man. The fingerprints found on the Coors container were Archambault’s. Appellant and Archambault were charged with and convicted of committing the burglary.
Appellant’s first three grounds of error allege the court erred in denying his motion for directed verdict because the evidence was insufficient to prove (1) he entered the building when not open to the public; (2) the property stolen in the burglary was found near or in his possession; and (3) he was guilty of burglary under the law of parties. Appellant made his motion for instructed verdict at the close of the state’s case. After the motion was denied, appellant put on his defense, including calling witnesses, and did not make further motions for instructed verdict. When a defendant makes a motion for instructed verdict which is denied and then presents a defense on appeal, he cannot challenge the court’s denial of the motion for instructed verdict. Kuykendahl v. State, 609 S.W.2d 791 (Tex.Crim.App.1981); Shirley v. State, 501 S.W.2d 635 (Tex.Crim.App.1973). Appellant’s first three grounds of error are overruled.
Appellant’s fourth ground of error complains the evidence was insufficient to convict him of burglary under the law of parties. If the evidence is sufficient to sustain the conviction of the defendant as a primary actor alone, a charge on the law of parties is in itself unnecessary. Bowers v. State, 570 S.W.2d 929 (Tex.Crim.App.1978); Aumada v. State, 657 S.W.2d 890 (Tex.App.-Corpus Christi 1983, pet. ref’d).
Appellant’s fingerprint was found on the outside of the window which was the point of entry during the burglary. Appellant was found in a car containing prescription pads stolen from the burglarized building. This evidence places appellant at the scene of the burglary and in unexplained possession of recently stolen items in the burglary. Circumstantial evidence is sufficient to show that one is a principal. Ex parte Prior, 540 S.W.2d 723, 728 (Tex.Crim.App.1976). The evidence was sufficient to sustain the conviction of the appellant as a primary actor; no charge on the law of parties was necessary. A charge on the law of parties enlarges the defendant’s criminal responsibility and benefits the state. Romo v. State, 568 S.W.2d 298, 302 (Tex.Crim.App.1978). Failure to give a charge on the law of parties inured to the appellant’s benefit. Appellant’s fourth ground of error is overruled.
Appellant’s fifth ground of error contends that evidence of extraneous offenses was improperly admitted. A relationship between evidence of an extraneous offense and evidence that the accused committed the crime for which he stands charged must be shown for the extraneous offense evidence to be admissible. Albrecht v. State, 486 S.W.2d 97, 100 (Tex.Crim.App.1972). Officer Galbiati testified appellant was arrested for public intoxication at the same time that Archambault was arrested for driving while intoxicated. Because both appellant and Archambault were under arrest, the car in which they had been riding was subject to an inventory search. During the search evidence connecting appellant to the burglary was discovered. Appellant’s public intoxication arrest led to evidence necessary to prove he committed the burglary. The public intoxication offense was admissible. Appellant’s fifth ground of error is overruled.
In his sixth ground of error, appellant complains the court improperly failed to define the term “possession” in its *571 charge on guilt or innocence. Ownership was not at issue in this case. Before a charge is required, a fact question must be raised by the evidence. Guerrero v. State, 487 S.W.2d 729, 731 (Tex.Crim.App.1972). The evidence established that Dr. Reich-man owned the burglarized building. Unless ownership of a building is in dispute, “possession” will not become an issue in a burglary case. The court’s charge included a proper definition of “owner.” Failing to define “possession” in the charge was not error; and even had it been error, appellant fails to present any evidence he was actually harmed by such error as required by Almanza v. State, 686 S.W.2d 157, 174 (Tex.Crim.App.1984). Appellant’s sixth ground of error is overruled.
We affirm the judgment.