Javier ALVAREZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–88–018–CR.

Court of Appeals of Texas,
Corpus Christi.

March 9, 1989.

Rehearing Denied April 6, 1989.

Mark Alexander, Joseph A. Connors, III, McAllen, for appellant.

Theodore C. Hake, Dist. Atty.'s Office, Edinburg, for appellee.

Before NYE, C.J., and DORSEY and KENNEDY, JJ.

## OPINION

DORSEY, Justice.

A jury found appellant, Javier Alvarez, guilty of aggravated sexual assault, and punishment was assessed by the trial court at 15 years' imprisonment. Appellant now complains of the court's judgment by six points of error. We affirm.

The facts of the case as related by the victim, age 14, may be summarized as follows. During the evening of April 22, 1987, the victim, in an effort to locate her sister, walked to the residence of appellant, whom she described as a "friend." Present in the house were appellant, his brother Johnny Alvarez, Joey Cruz, Julio Guttierrez, and Armando Arce. Upon her arrival, the victim was told by Johnny Alvarez that her sister was not there, but that they were about to have a small party and she was welcome to stay. After a few minutes, the victim and several others went to a store to purchase beer. They returned to appellant's residence and began talking in the front yard. Shortly thereafter, the group moved in back of the house and began drinking. Appellant and the victim each drank approximately six beers; the victim testified she felt "very drunk" at that point.

Appellant then went into an aluminum shed adjacent to the house and asked the victim to join him. Inside the shed, appellant kissed the victim and tried to pick up her skirt; when he indicated that he wanted to have sex, the victim told him "no" and pushed him away. Appellant became angry and left the shed.

After the victim followed him out, Arce struck her in the back twice, nearly knocking her down. Arce then pushed the victim to the ground, pulled up her skirt, and tried to rip her undergarments. The victim screamed and began kicking Arce. At that point, appellant yelled, "No, me first, me first." While Arce, Guttierrez, Cruz, and Johnny Alvarez held the victim's arms and legs, appellant caused his sexual organ to penetrate the victim's.

After several minutes, Arce raped the victim while others helped to hold her down. After the assault by Arce, appellant pressed a pillow on the victim's face. The victim was then raped by both Guttierrez and Cruz.

The victim testified that during the last assault, she feigned acquiescence because she was afraid the men were going to "do something to her" when they were finished. She then asked them to let her go to the shed to use the bathroom; they agreed. The victim managed to escape and run into the house of a neighbor, Hermalinda Reyes, who discovered the half-dressed girl and called the police.

Appellant also took the stand and gave the jury his rendition of the facts. He stated that it was the victim who had first indicated that she wanted to have sex in the shed; that she unbuttoned his pants and told him she wanted to make love; that he had sex with the victim consensually, without forcing or threatening her; and that none of his companions had raped the victim.

Tex.Penal Code Ann. § 22.021 (Vernon Supp.1988) provides in pertinent part:

(a) a person commits an offense

(1) if the person:

(A) intentionally or knowingly:

(i) causes the penetration of the anus or female sexual organ of another person by any means, without that person's consent;

\* \* \* \* \* \*

and (2) if

(A) the person:

\* \* \* \* \* \*

(ii) by acts or words places the victim in fear that death, serious bodily injury, or kidnapping will be imminently inflicted on any person;

Appellant asserts by his first and second points of error that the evidence is insufficient to prove he committed an aggravated sexual assault as defined in the court's charge.

Paragraph V of the charge reads:

Now, if you find from the evidence beyond a reasonable doubt that on or about the 22nd day of April, A.D. 1987, in Hidalgo County, Texas, the Defendant, JAVIER ALVAREZ, *either acting alone or with Armando Arce, Julio Gutierrez, Joey Cruz, and Johnny Alvarez as a party to the offense as that term is herein before defined, did then there, intentionally or knowingly by the use of physical force or violence, cause his sexual organ to penetrate the female sexual organ of C.O., the victim,* a person not the spouse of the said Defendant and without the victim's effective consent, *and the said Defendant did then and there intentionally or knowingly, by acts or words, placed (sic) the victim in fear that death or serious bodily injury would be imminently inflicted on the victim* then you will find the Defendant guilty of aggravated sexual assault.... (emphasis ours).

Paragraph IV defines the law of parties as follows:

Each party to an offense may be charged with commission of the offense. A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or both. A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits or encourages, aids, or attempts to aid the other person to commit the offense. Mere presence alone will not constitute one a party to a crime.

Paragraph VIII and IX instructed the jury to consider other offenses by this appellant or others only to determine the context of the instant offense or motive or intent of the appellant.

In reviewing the sufficiency of the evidence, an appellate court looks at all the evidence in the light most favorable to the verdict or judgment and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State,* 663 S.W.2d 455 (Tex.Crim.App.1984).

At trial, the victim testified on direct examination as follows:

Q. Okay. And then what happened, C____?

A. He put my legs over and I was screaming.

Q. Now, who is he?

A. Arce.

Q. Arce. And we are talking about Armando Arce?

A. Yes. And I was kicking him and everything. And then I think—after that because he was going to do that, right. But then Javier goes no me first me first, that he wanted to do it first. So Javier pulled down his pants and went inside of me.

\* \* \* \* \* \*

Q. Okay. Now was there anyone holding you?

A. Yes. Johnny and Joey was holding my hands and Arce was holding my feet or my legs with Julio.

\* \* \* \* \* \*

Q. Okay. Now, did—you said Javier went inside of you. When you say that what do you mean, C____?

A. He put his penis into my vagina.

Q. Okay. And did that hurt?

A. Yes, it hurt.

Q. Were you afraid?

A. Yes, I was very afraid.

\* \* \* \* \* \*

Q. At any point did you scream?

A. Yes, I was screaming all along. And when I was screaming after Arce got out of me Javier put a pillow over me and I thought I was going to suffocate. And I turned

my head to the side so I can breath (sic) through the side over here because they were putting the pillow over me.

\* \* \* \* \* \*

A. After Arce got out of me I remember Julio was the one that went inside me. But they were telling him come on dude come on dude, but like he didn't want to but he still did. He went inside of me. He put his penis in my vagina and then he just went out after he finished and then Joey went inside of me.

■ Appellant raises several questions in arguing that there is insufficient evidence to support the existence of aggravating circumstances which raise the crime from sexual assault to aggravated sexual assault. The confusing aspects of this case arise because there were several successive rapes of the victim by a number of assailants. The indictment and charge included the law of parties, making one criminally responsible for the act of another, and instructions on the limited use of evidence of "other" offenses. In order to compare the proof to the charge,[1] we will concentrate on only the first sexual assault in which appellant was the actor and the victim was immobilized by others.

The application portion of the charge, tracking the indictment, authorized conviction for aggravated sexual assault if the jury found that appellant, acting alone or with the others named, "intentionally and knowingly by the use of physical force and violence caused his sexual organ" to penetrate that of the victim without her effective consent, and "intentionally and knowingly, by acts or words, placed the victim in fear that death or serious bodily injury would be imminently inflicted" on her.

The victim testified that appellant caused his sexual organ to penetrate hers while others restrained her by holding her arms and legs, and that this was done without her consent. The "use of physical force and violence," as alleged and charged, is supported by the evidence of the victim

being physically restrained by her other assailants. (The law of parties is applicable here because men other than appellant administered the force to restrain the victim). Such allegation and proof fulfilled the element of lack of consent, which exists if the actor compels the victim to submit to his advances by use of physical force and violence. Tex.Penal Code Ann. §§ 22.011(b)(1), 22.021(a) (Vernon Supp.1989).

The circumstances that raise the sexual assault to an aggravated one must meet the requirement of the indictment that the appellant "by acts or words placed the victim in fear that death or serious bodily injury would be imminently inflicted on her." There is no evidence of such prior to the sexual assault by the appellant. However, the victim testified that during the subsequent assault by Arce, she was screaming and very frightened; that appellant put a pillow over her face at that point; that she thought she was going to suffocate; and that she had to turn her head to the side in order to breathe.

Although it was necessary under former section 21.03(a)(2) to show that the acts or words which put the victim in fear of death or serious bodily injury was the cause of the victim's submission to the assault, *Rucker v. State*, 599 S.W.2d 581, 582–83 (Tex.Crim.App.1979), that causal link is not required under section 22.021.

The Court of Appeals in *Douglas v. State*, 740 S.W.2d 890 (Tex.App.—El Paso 1987, no pet.) held that the changes from the former section 21.03(a)(2) to the present 22.021(a)(2) are significant in that the focus is no longer exclusively on the acts or words of the defendant. Now, the jury is mandated to determine if fear existed and then assess the defendant's conduct to determine if it was the producing cause of the fear of imminent infliction of serious bodily injury or death, and if the victim's state of fear was reasonable under the circumstances. *Douglas*, 740 S.W.2d at 891. "Thus, if the aggravating element exists, it must come primarily from the nature of appellant's acts and the depth of the victim's

---

1. *See Benson v. State,* 661 S.W.2d 708 (Tex.Crim. App.1983).

fear." *Dacquisto v. State,* 721 S.W.2d 603, 604 (Tex.App.—Amarillo 1986, pet. ref'd).

Here, the victim clearly stated that appellant's act of placing a pillow on her face caused her to fear suffocation and death. The only remaining issue is whether such fear was reasonable. We conclude that the number of assailants involved, the force and restraint imposed on the victim, and the overall "gang rape" setting certainly justified the subjective apprehension of the victim and satisfied section 22.021(a)(2). See *Douglas,* 740 S.W.2d at 892; *Hardy v. State,* 681 S.W.2d 170, 172 (Tex.App.—Houston [14th Dist.] 1984), [evidence of covering victim's face with pillow during sexual assault held sufficient to constitute aggravating circumstances.][2] Points of error one and two are overruled.

Appellant argues by his third point that the trial court erred in failing to grant his motion for instructed verdict. Appellant waived this point by presenting evidence after his motion was denied. *See Kuykendall v. State,* 609 S.W.2d 791, 794 (Tex.Crim.App.1980); *Sawyer v. State,* 697 S.W.2d 815, 818 (Tex.App.—Corpus Christi 1985, pet. ref'd). Point three is overruled.

Point four asserts the trial court committed reversible error by including in its charge the instruction on the law of parties.

We note that the indictment issued in the present case did not allege that appellant acted with others in committing the aggravated sexual assault. However, despite such an omission, it is proper for a court to charge the jury on the law of parties as long as the evidence presented at trial raised the issue. *Pitts v. State,* 569 S.W.2d 898, 900 (Tex.Crim.App.1978). As we held in our discussion of points one and two, the evidence clearly raised the issue that appellant acted as a party to the offense with Arce, Guttierrez and Cruz in forcing intercourse by physical force and violence. Point four is overruled.

Appellant contends by his fifth point that the trial court erred in refusing to require the State to elect which alleged act of sexual assault the State was relying on for prosecution.

After the State sought the inclusion of the parties instruction in the charge, the defense requested that the court require the State to elect which of the four alleged assaults it was proceeding on. The court denied the request. Appellant argues that the trial court's ruling "expanded the scope of the indictment" and was prohibited by *Crawford v. State,* 696 S.W.2d 903 (Tex. Crim.App.1985).

In *O'Neal v. State,* 746 S.W.2d 769, 771 (Tex.Crim.App.1988), the Court of Criminal Appeals recently held:

> The general rule is that where one act of intercourse is alleged in the indictment and more than one act of intercourse is shown by the evidence in a sexual assault trial, the State must elect the act upon which it would rely for conviction. *Crawford v. State,* 696 S.W.2d 903 (Tex. Cr.App.1985); *Steele v. State,* 523 S.W. 2d 685 (Tex.Cr.App.1975); *Bates v. State,* 165 Tex.Cr.R. 140, 305 S.W.2d 366 (App. 1957); *Hudgins v. State,* 125 Tex.Cr.R. 451, 69 S.W.2d 97 (App.1921). An exception to the rule is where several acts of intercourse were committed by one continuous act of force and threats, and are part of the same criminal transaction. See *Steele,* supra.

Although *O'Neal* involved sexual assaults perpetrated by a single party, this Court has applied the *Steele* rule (quoted above in *O'Neal*) to a "gang rape" situation involving multiple assailants. *Aumada v. State,* 657 S.W.2d 890, 892 (Tex.App. —Corpus Christi 1984, pet. ref'd). The facts in *Aumada* showed the commission of a "continuous act" of force during which the victim was raped by two men and forced to perform oral sex on three men. We held that the State was not required to elect which specific act of rape it was rely-

2. Although *Hardy* was decided under Tex.Penal Code Ann. § 21.03(a)(2) (repealed), the definitions of aggravating circumstances found in the former § 21.03 and the current § 22.021 are equivalent for our purposes.

**258**

ing on. *Id.* In accordance with our decision in *Aumada,* we overrule point five.

■ Point six asserts the trial court erred in including the phrase "or words" in the portion of the charge defining aggravating circumstances over his objection.

The complained-of portion of the charge reads:

> ... and the said Defendant did then and there intentionally or knowingly, by his acts or words, placed (sic) the victim in fear that death or serious bodily injury would be imminently inflicted on the victim....

Appellant points out that, according to the victim's testimony, the only words he uttered during the alleged sexual assaults were "me first, me first." He contends that such words cannot constitute a threat, and therefore, the charge improperly authorized the jury to convict him on a theory not supported by the evidence.

Pursuant to section 22.021, a jury may consider both the actions and words of a defendant and infer from the *totality of the circumstances* that the defendant's *overall conduct* placed the victim in fear of death or serious bodily injury. *Dacquisto,* 721 S.W.2d at 604; *Lindsey v. State,* 672 S.W.2d 892, 894 (Tex.App.—Dallas 1984, pet. ref'd). We cannot say that the jury was precluded from determining that appellant's words contributed to the overall threatening effect which the appellant had on his victim.

Furthermore, even if the trial court did err in this regard, such error did not contribute to appellant's conviction since, as we held in our discussion of points one and two, the evidence supports a finding of aggravating circumstances based on appellant's forceful use of a pillow. *See Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim. App.1984). Point six is overruled.

The judgment of the trial court is AFFIRMED.