NUMBER 13-07-233-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


ALBERT F. HAARMANN, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 411th District Court of San Jacinto County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion by Justice Yañez


 

 Appellant, Albert F. Haarmann, appeals from a judgment convicting him of sexual
assault. (1) Appellant pleaded not guilty to the charge. The jury found appellant guilty and
assessed punishment at 20 years' imprisonment and a $10,000 fine. In two issues,
appellant contends the evidence was legally and factually insufficient to support his
conviction. We affirm. (2)

Standards of Review

 When reviewing the legal sufficiency of the evidence to support a conviction, we
consider all the evidence in the light most favorable to the verdict to determine whether any
rational trier of fact could have found the essential elements of the crime beyond a
reasonable doubt. (3) This standard gives "full play to the responsibility of the trier of fact
fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts." (4) In this review, we do not reevaluate the
weight and credibility of the evidence; rather, we act only to ensure that the jury reached
a rational decision. (5)

 In determining the factual sufficiency of the elements of the offense, we view all the
evidence in a neutral light to determine whether a jury was rationally justified in finding guilt
beyond a reasonable doubt. (6) We set aside a finding of guilt only if the evidence supporting
the verdict is so weak that the jury's verdict is clearly wrong and manifestly unjust or when
the great weight and preponderance of the evidence is contrary to the verdict. (7) A proper
factual sufficiency review must consider the most important evidence that the appellant
claims undermines the jury's verdict. (8)

 The jury, as the trier of fact, is the exclusive judge of the credibility of witnesses and
the weight to be afforded their testimony. (9) The jury is free to believe one version of the
facts and reject another. (10) It is also entitled to accept or reject all or any portion of a
witness's testimony. (11) We are authorized to disagree with the fact finder's determination
only when the record clearly indicates our intervention is necessary to stop the occurrence
of a manifest injustice. (12)

Discussion

 To convict appellant of sexual assault as alleged in the indictment, the State was
required to prove that appellant intentionally or knowingly caused the complainant's sexual
organ to contact or penetrate appellant's mouth, without the complainant's consent. (13) 
Sexual assault is without consent if the offender compels the other person to submit or
participate "by the use of physical force or violence" or "by threatening to use force or
violence." (14) In a sufficiency of the evidence review regarding use of force or violence, we
look, not to the amount of resistance by the complainant, but to the acts of compulsion of
the actor. (15) The issue is not the degree of physical resistance by the complainant but
rather whether sufficient evidence exists to show the defendant compelled the
complainant's submission by actual force. (16) We review the facts of each case to determine
whether force was used. (17)

 In the instant case, appellant's conviction was supported by the testimony of the
seventeen-year-old complainant; (18) his testimony revealed that his penis was forcibly
placed, by appellant, into appellant's mouth. Appellant argues, however, that the State's
evidence is legally and factually insufficient to prove that he caused the complainant to
submit by the use of physical force and violence, or the threat of physical force or violence,
as alleged in the indictment. (19) According to appellant, the only evidence of physical force
or violence presented at trial was the complainant's testimony that appellant punched him
after the alleged assault took place. We disagree.

 The complainant testified that when he attempted to get off of appellant's bed,
appellant "held [him] down and started to take [his] clothes off." Appellant held him down
"with his hands around [his] wrists" during the assault. The complainant told appellant to
"stop," but appellant proceeded to place the complainant's penis in his mouth.

 The complainant's testimony that appellant physically restrained him during the
assault is evidence of appellant's use of physical force. (20) Viewed under the proper
standards, we conclude that this evidence was legally and factually sufficient for the jury
to find that appellant used physical force to sexually assault the complainant. Appellant's
two issues are overruled.

Conclusion

 We affirm the trial court's judgment.



 

 LINDA REYNA YAÑEZ,

 Justice






Do not publish. Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed 

this the 14th day of February, 2008.

1. See Tex. Penal Code Ann. § 22.011 (Vernon 2003).
2. As this is a memorandum opinion and the parties are familiar with the facts, we will not recite them
here except as necessary to explain the Court's decision and the basic reasons for it. See Tex. R. App. P.
47.4.
3. Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); Powell v. State, 194 S.W.3d 503, 506 (Tex. Crim.
App. 2006); Hampton v. State, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005); Escamilla v. State, 143 S.W.3d
814, 817 (Tex. Crim. App. 2004).
4. Jackson, 443 U.S. at 319.
5. Muniz v. State, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993) (en banc); Ozuna v. State, 199 S.W.3d
601, 604 (Tex. App.-Corpus Christi 2006, no pet.).
6. See Watson v. State, 204 S.W.3d 404, 414-17 (Tex. Crim. App. 2006).
7. Id. at 415.
8. Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003). 
9. Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Sharp v. State, 707 S.W.2d 611, 614 (Tex.
Crim. App. 1986).
10. Penagraph v. State, 623 S.W.2d 341, 343 (Tex. Crim. App. 1981).
11. Id.; Ozuna, 199 S.W.3d at 605.
12. Johnson v. State, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000).
13. Tex. Penal Code Ann. § 22.011(a)(1)(C) (Vernon 2003).
14. Id. § 22.011(b)(1), (2).
15. Wisdom v. State, 708 S.W.2d 840, 842-43 (Tex. Crim. App. 1986); Barnett v. State, 820 S.W.2d
240, 241 (Tex. App.-Corpus Christi 1991, pet. ref'd).
16. See Barnett, 820 S.W.2d at 241.
17. See Bannach v. State, 704 S.W.2d 331, 333 (Tex. App.-Corpus Christi 1983, no pet.).
18. See Tex. Code Crim. Proc. Ann. art. 38.07 (Vernon 2005).
19. The entirety of appellant's sufficiency of the evidence challenge is limited to this argument. We,
therefore, limit our review to the element of consent. See Tex. R. App. P. 47.1.
20. See Brown v. State, 881 S.W.2d 582, 586 (Tex. App.-Corpus Christi 1994, no pet.); Barnett, 820
S.W.2d at 241; Alvarez v. State, 767 S.W.2d 253, 256 (Tex. App.-Corpus Christi 1989, pet. ref'd).