WALKER, Presiding Justice,
for the Court:
This is an appeal from the Circuit Court of Rankin County, Mississippi, wherein the appellant, Melissa Hicks, was convicted of armed robbery and sentenced to serve a term of twenty-seven years in the custody of the Mississippi Department of Corrections.
On February 26, 1980, Giordano’s Super-ette in Pearl, Rankin County, Mississippi, was robbed by two black women. Mrs. Giordano was operating the superette at the time of the armed robbery. She testified that during the robbery the one whom she later identified as Melissa Hicks observed a gun under the counter and told her accomplice (Ruth McNeal) to shoot Mrs. Giordano. McNeal shot Mrs. Giordano in the jaw with a .25 automatic pistol. Approximately $300.00 was stolen from the cash register as Mrs. Giordano lay bleeding on the floor. Mrs. Giordano was partially paralyzed as a result of the wound.
Ruth McNeal[1] and Melissa Hicks were tried together in Rankin County Circuit Court for armed robbery. Each defendant was represented by separate counsel but neither party made a motion for severance before trial Both defendants were convicted and McNeal received life imprisonment, while Hicks received a sentence of twenty-seven years.
Melissa Hicks raises two issues for the Court’s review on appeal:
The court erred in not granting the appellant a severance from the joint trial with her co-defendant, Ruth McNeal.
Mississippi Code Annotated section 99-15-47 (1972) states:
Any of several persons jointly indicted for a felony may be tried separately on making application therefor before the order for a special venire in capital cases and before arraignment in other cases. (Emphasis added).
This Court held in Price v. State, 336 So.2d 1311 (Miss.1976) that “may” in section *216 99-15-47 “should be given its ordinary meaning, and whether a severance should be granted is addressed to the sound discretion of the trial judge.” Id. at 1312. See also Opper v. United States, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954).
A trial court’s ruling denying a motion for a severance will not be disturbed unless there is a positive showing of an abuse of discretion. In this case, the record indicates that there was no motion for severance before trial and it is clear from the testimony of Melissa Hicks’ attorney, who was placed on the witness stand by the State, that he had knowledge of the potential conflict of interest between the co-defendants, Hicks and McNeal, before trial. Evidently, the attorney for appellant elected to have Hicks and McNeal tried together as part of his trial strategy.
We are of the opinion the trial court did not abuse its discretion in denying the motion for severance during the middle of the trial.
The remaining assignment of error is not supported by authority and is without merit. For the above stated reasons, this cause is affirmed.
AFFIRMED.
PATTERSON, C. J., SUGG, P. J., and BROOM, ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE and PRATHER, JJ., concur.

. Ruth McNeal’s conviction and life sentence was affirmed by this Court on October 14, 1981. McNeal v. State, 405 So.2d 90 (Miss.1981).