482 So.2d 1107 (1986)
Curtis MINOR and Donnell Kinzie
v.
STATE of Mississippi.
No. 55916.
Supreme Court of Mississippi.
January 8, 1986.
Rehearing Sustained in Part and Opinion Corrected January 29, 1986.
*1108 E.R. Arrington, Carroll Rhodes, Hazlehurst, for appellants.
Edwin Lloyd Pittman, Atty. Gen. by Charles W. Maris, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and PRATHER and ROBERTSON, JJ.
PRATHER, Justice, for the Court:
The question of whether the transaction for sale of marijuana consisted of a single occurrence or separate and distinct sales within a twenty minute period is addressed by this appeal. Curtis Minor and Donnell Kinzie were jointly indicted in the Circuit Court of Copiah County for the sale of more than one ounce of marijuana. Upon conviction, Curtis Minor was sentenced to three years and Donnell Kinzie to five years in the custody of the Mississippi Department of Corrections. Minor and Kinzie appeal and assign jointly the following error:
(1) The trial court erred in not granting Donnell Kinzie's motion for severance;
(2) The trial court erred in permitting evidence to be introduced pertaining to a separate and distinct sale of marijuana over the objections of the defendants;
(3) The trial court erred in not excluding the evidence and directing a verdict of acquittal for the defendants in overruling the defendants' motions for judgment of acquittal notwithstanding the verdict of the jury;
(4) The trial court erred in not granting Instruction No. D-1;
(5) The verdict of the jury is contrary to the law and the evidence, is not supported by the evidence, and the overwhelming weight of the credible evidence.

I.
On the evening of March 29, 1983, Lieutenant Mallory, an undercover agent with the Mississippi Bureau of Narcotics, was taken to the home of Curtis Minor by Billy Don and Rose Ann Saulters, two confidential informants. At approximately 9:00 p.m. the parties met Minor on the road close to his house and Minor agreed to help them find marijuana for sale. In his own car, Minor followed Lt. Mallory and the Salters to the parking lot of the T G & Y in Hazlehurst. At that point Minor got in Lt. Mallory's car and directed Mallory to the location of a drug dealer who was out of drugs. From there Minor directed the parties to the C & T Liquor Store, where he said a person named Houston had marijuana to sell.
Upon arrival at the C & T Liquor Store, Curtis Minor went inside and returned with Houston Collins, Donnell Kinzie and an unidentified black male. As Houston Collins suspiciously approached the car, Lt. Mallory told Collins he "needed an ounce, maybe a quarter of a pound." Collins replied that he would send someone out with the marijuana. Minor, Collins, Kinzie and the unidentified man then went back into the store.
A few minutes later, Minor, Kinzie, and the unidentified male returned and told Lt. Mallory he would have to give Minor the *1109 purchase money before receiving the marijuana. Lt. Mallory gave Minor $100 and the three went back into the store. Momentarily, Kinzie and Minor returned with a bag of less than one ounce of marijuana. Kinzie handed the bag to Minor who got in the car with Lt. Mallory and delivered the bag. Minor then asked Lt. Mallory for some of the marijuana but Mallory gave him $10.00 instead.
Subsequently, as Kinzie was standing outside Mallory's car, Kinzie asked Mallory if he still wanted a quarter-pound of marijuana. Mallory responded affirmatively, but before the negotiations could continue, the parties were interrupted by the sirens of police cars en route to the scene of an accident. The defendants, not knowing the reason for the police sirens, all scattered, but the undercover agent remained in his car never leaving the scene. Approximately 15 minutes later the negotiations resumed, and Kinzie finally agreed to a price of $325.00 for a quarter pound. Curtis Minor got out of the car and went with Kinzie back into the store.
Shortly thereafter, Kinzie, Minor, and the unidentified party returned to the car with Kinzie carrying the marijuana. Kinzie handed the bag to Minor who, in turn, handed it to Lt. Mallory. Mallory paid the $325.00 to the unidentified man who passed the money on to Kinzie. Lt. Mallory, along with the Salters, then left the scene.
Collins, Minor, and Kinzie were subsequently indicted for the sale of more than one ounce of marijuana, a controlled substance, in violation of Miss. Code Ann. § 41-29-139 (1972). Defendant Collins was granted a severance but Minor and Kinzie were tried together.
The only testimony that contradicted the testimony of Lt. Mallory concerning the events of the drug sale was that of Ellis Blackwell, Jr., Kinzie's stepfather. Blackwell testified that on the night of March 29, 1983, Kinzie returned from Simpson County with Mr. Blackwell and his wife. Blackwell testified that they arrived home at 9:30 p.m. and that Kinzie was asleep in his bed by 10:00 p.m. Blackwell further testified that he saw Kinzie in bed at 10:30 p.m., 11:00 p.m. and 11:30 p.m. Blackwell concluded by testifying that Kinzie did not leave the house that night.
Prior to the trial's beginning in chambers, the district attorney announced to the court and defense counsel that the state considered the two sales of marijuana as one transaction because the sales were so connected and impossible to separate.

II.
Did the trial court err in not granting Donnell Kinzie's motion for severance?
Miss. Code Ann. § 99-15-47 (1972) states, "Any of several persons jointly indicted for a felony may be tried separately on making application therefor before the order for a special venire in capital cases and before arraignment in other cases." "The granting or refusing of severances of defendants in cases not involving the death penalty shall be in the discretion of the trial judge." Rule 4.04 Miss. Uniform Criminal Rules of Circuit Court Practice. A trial court's ruling denying a motion for severance will not be disturbed unless there is a positive showing of an abuse of discretion. Hicks v. State, 419 So.2d 215 (Miss. 1982).
The State cites Shavers v. State, 455 So.2d 1299, 1302 (Miss. 1984), in which this Court held: "We will not put the trial court in error on an issue not placed before it and we must deem this ground to have been waived." [Citation Omitted].
On the record of the case sub judice it appears that defendant Kinzie's motion for severance was not timely made. In explaining his adverse ruling on the motion for severance, Judge Pigott said:
This Motion for a Severance was not called to the attention of the Court until after the State had announced ready on today, November 29th, the date set for trial. The defendant was arraigned on the 17th of November and was notified that all motions were to have been filed with the Court before the, I believe the 19th. At any rate, the Judge made himself *1110 available all last week, the week of the 21st of November, for the hearing of any motions in any of the criminal cases. No motion was brought to the attention of the Court in this case. And we came yesterday and we were here all day yesterday until last night, and no mention was made of this motion to me, and then we came on today for trial with the jury ready and the State announced ready and the defendant suddenly remembered or called to the attention of the Court a Motion for Severance. I feel that in fairness that those motions need to be timely made and need to be timely brought to the attention of the Court and presented, and if they are not, then they are waived. So, I feel that this Motion for Severance was waived by the lack of diligence on the part of the defense counsel.
In light of the applicable case law, this Court does not find any reversible error in the judge's refusal to grant a severance.

III.
Did the trial court err in permitting evidence to be introduced pertaining to a separate and distinct sale of marijuana over the objections of the defendants?
Prior to calling Lt. Mallory as a witness, the state informed the court that on the day of the alleged sale of more than one ounce of marijuana there was a prior sale of less than one ounce of marijuana. The state explained that the two transactions took place within 20 minutes of each other and that it was impossible to develop the circumstances leading up to the sale of more than one ounce without mentioning the sale of less than one ounce.
The judge ruled that evidence of other offenses was not admissible except in specific enumerated circumstances. The defendants were granted a continuing objection, and the judge explained that if the transactions were inseparable, it might be impossible to exclude evidence that there was more than one offense. The judge stated that he would instruct the jury to consider only one charge, and it was up to the jury to separate the two offenses.
Twice during the course of direct examination Lt. Mallory testified about the sale of less than one ounce of marijuana. The court promptly instructed the jury on both occasions that they were not to consider any evidence of the sale of less than one ounce of marijuana in arriving at their verdict.
Appellant Kinzie contends it was error to permit the evidence of a prior sale. He contends that the sale of more than one ounce of marijuana and the sale of less than one ounce of marijuana were two separate and distinct crimes and the only plausible explanation for presenting the evidence of a separate and distinct crime was to prejudice the jury.
Conversely the state argues that the testimony was admissible because the first sale was part of the res gestae and the two sales were so closely connected that one could not be reasonably extricated from the other.
This Court agrees with the state. The two transactions were separated by only 20 minutes. They were between the exact same parties. The sales were so intertwined that, when the original bargaining began, the parties discussed the sale of one ounce of marijuana and the sale of a quarter pound. Lt. Mallory testified, "At the very beginning I asked them for an ounce or quarter pound, and Collins said, yeah, he'd send somebody out with the marijuana, and I didn't know at that point which I was going to get first or what." Once the first transaction was carried out, the second transaction was negotiated and carried out within 20 minutes. Thus, the second transaction grew out of the first.
Mississippi has a long line of case law dealing with the introduction of evidence in multi-crime situations. "Evidence of prior offenses committed by a defendant, not resulting in a conviction, is generally inadmissible either for impeachment purposes or as a part of the State's case-in-chief." Neal v. State, 451 So.2d 743, 758 (Miss. 1984).
*1111 Conversely, "our law recognizes certain exceptions to the rule. Proof of another crime is admissible where the offense charged and that offered to be proved are so interrelated as to constitute a single transaction or occurrence or a closely related series of transactions or occurrences." Id. at 759. See also, Barnette v. State, 481 So.2d 788 (Miss. 1985); Davis v. State, 476 So.2d 608 (Miss. 1985); Wiley v. State, 465 So.2d 318 (Miss. 1985); Carter v. State, 450 So.2d 67 (Miss. 1984); Tucker v. State, 403 So.2d 1274 (Miss. 1981); Gray v. State, 351 So.2d 1342 (Miss. 1977). Contrary: Tobias v. State, 472 So.2d 398 (Miss. 1985).
In the case at bar the prosecution elected to treat the marijuana activities of Minor and Kinzie and their confederates as a single transaction, as a single criminal offense, if you will. The prosecution was correct in doing this. The record reflects without contradiction a single marijuana sale to Lt. Mallory, fortuitously interrupted and segmented by the sirens of nearby police cars en route to the scene of an automobile accident. The indictment charged only one sale, and the court and defense relied upon the State's representation that the State considered it one transaction of the larger quantity of marijuana. It would appear, therefore, that the State would be estopped to prosecute for the first sale independently from the latter under the facts of this case.
This Court holds that the trial judge did not err in allowing Lt. Mallory to testify, under the above exception, about the first transaction so closely interrelated as to constitute a single transaction.

IV.
Was the verdict of the jury contrary to the law and unsupported by the evidence?
This Court holds that the verdict was amply supported by the evidence and was not contrary to the law or evidence. As for Kinzie's alibi defense, this Court has repeatedly held that the jury is not required to accept a defendant's alibi. Lee v. State, 457 So.2d 920 (Miss. 1984); Ruffin v. State, 447 So.2d 113 (Miss. 1984); Tubbs v. State, 402 So.2d 830 (Miss. 1981).
However, this Court considers separately the argument of the defendant Minor. Should a directed verdict have been granted in favor of defendant Minor?
Under his only proposition, appellant Minor summarizes the testimony of Steve Mallory concerning the two marijuana sale transactions involving Curtis Minor. Minor correctly points out that the jury was admonished not to consider the first transaction in arriving at their verdict. Minor proceeds then to argue that the evidence presented regarding the second transaction, considered alone, was insufficient to convict him of the crime charged.
Minor argues two points. First, he argues that he never had control of the marijuana. He claims to have been no more than a conveyor belt or a robot. Second, Minor argues that he received no remuneration or consideration and that consequently his actions would not qualify as a "sale" as defined in Miss. Code Ann. § 41-29-105(aa), which reads:
"Sale," "sell" or "selling" means the actual, constructive or attempted transfer or delivery of a controlled substance for remuneration, whether in money or other consideration.
The facts and issues of this case are similar to those in Washington v. State, 341 So.2d 663 (Miss. 1977) in which the defendant acted as a "go between" in a sale of heroin. Washington argued in that case that a verdict should have been directed in his favor because the state failed to prove he either possessed heroin or that he received remuneration for the sale of heroin. Affirming Washington's conviction, this Court held:
Though Washington did not personally transfer the heroin or actually receive the payment therefor, the evidence is conclusive that his efforts made the sale possible. They in fact led to the "buy" of the heroin in his home. We are of the opinion the appellant was properly indicted and convicted as a principal because he was personally present, aiding and *1112 abetting the purchase. White v. State, 330 So.2d 877 (Miss. 1976) and McCoy v. State, 91 Miss. 257, 44 So. 814 (1907).
Id. at 664.
That rationale was affirmed in the recent case of Williams v. State, 463 So.2d 1064 (Miss. 1985), in which this Court held:
At the outset we note that substantial knowing participation in the consummation of a sale or in arranging for the sale may render one guilty of the illegal sale of unlawful controlled substances within Section 41-29-139. One who aids and abets another in such a context is an accessory before the fact and is guilty as a principal. [Citations omitted].
Id. at 1066. The facts of the case sub judice clearly indicate that Curtis Minor was personally present at the drug transaction and that he aided and abetted the purchase. Therefore, this Court finds no merit to Mr. Minor's argument.
The trial court properly overruled the defense motions for directed verdict and judgment of acquittal notwithstanding the jury verdict.
Neither appellant provides any argument or citations of authority for the remaining assignments of error. "Where assignments of error are unsupported by argument and authority, [this] court does not, as a general rule, consider them." Ramseur v. State, 368 So.2d 842, 844 (Miss. 1979).
Having reviewed this record regarding each assigned error, this Court finds no reversible error. The convictions and sentences are affirmed.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.