817 So.2d 585 (2001)
Keith OUZTS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-CA-01120-COA.
Court of Appeals of Mississippi.
October 9, 2001.
Rehearing Denied February 19, 2002.
Certiorari Denied May 30, 2002.
Kathryn N. Nester, Jackson, Attorney for Appellant.
Office of the Attorney General by Jeffrey A. Klingfuss, Attorney for Appellee.
Before KING, P.J., BRIDGES, and IRVING, JJ.

PROCEDURAL HISTORY AND FACTS
BRIDGES, J., for the court:
¶ 1. This is an appeal from the denial of post-conviction relief to Keith Ouzts by the Circuit Court of Leflore County.
¶ 2. On February 16, 1979, Ouzts, Donald Keeton and Robert Stanley Rowland set out to rob a poker game at the Leflore County Country Club. They covered their faces with ski masks and entered the room where some men were playing poker, brandishing shotguns and wearing gloves. Ouzts, Keeton and Rowland had the men line up against the wall as they began to take the money from the poker table. Keeton testified that, as he was leaning across the table to rake off the money, his shotgun accidentally discharged and killed James Campbell, one of the poker players. After the shot, another poker player, Paul Hughes, began to run from the room and he was shot as he was trying to get away. Ouzts and Keeton have maintained all throughout the case that Rowland was the one who fired the shots at Hughes. Rowland, *586 on the other hand, initially stated that it was Ouzts who shot Hughes. However, Rowland changed his story after his conviction and now says that he did shoot Hughes.
¶ 3. Ouzts, Keeton and Rowland were all charged with two counts of capital murder and two counts of armed robbery in an indictment returned by the grand jury on March 8, 1979. All three defendants initially retained the same attorney, Joe Buchanan, to represent them collectively in this matter. However, on April 2, 1979, Buchanan moved to withdraw from representing Rowland on the grounds that Rowland and Ouzts had two conflicting stories about the facts of their case and he could therefore not represent them both to the best of his ability. He chose to continue representing Ouzts because, as Buchanan testified, Ouzts's recollection of the events surrounding the robbery and murders was consistent with Keeton's version and Rowland's story was the only one that differed.
¶ 4. After Rowland had retained new attorneys to represent him, the three defendants appeared at their plea hearing before Judge Wilkes, circuit court judge of Leflore County. Prior to the hearing, the State made an offer to all three defendants wherein they would all plead guilty in exchange for two life sentences each on the capital murder charges and two sentences of twenty-four years each on the armed robbery charges, to run consecutively with the two life sentences. Under the conditions of this agreement, none of the three defendants would be subjected to the death penalty, which would be the penalty requested by the State if the defendants were to plead not guilty and go to trial. On August 2, 1979, Ouzts and Keeton, under advisement by Buchanan, took the State's deal and pled guilty to all counts for which they had been charged. Rowland did the same under the advisement of his new attorneys.
¶ 5. It was not until May 21, 1999, almost twenty years after the convictions of Ouzts, Keeton and Rowland, and twelve years after the applicable statute of limitations under the Mississippi Uniform Post Conviction Collateral Relief Act had run, that Ouzts met with a new attorney who reviewed the documents in this matter and decided to file a motion for post-conviction relief. Ouzts is challenging his sentence on several grounds, despite the State's argument that the three-year statute of limitations in which to seek post-conviction relief ran long ago, thereby barring Ouzts's claim for relief. Miss.Code Ann. § 99-39-5(2) (1984).
¶ 6. Ouzts cites several issues for our review, including whether there was an actual conflict of interest in Buchanan's representation of Ouzts and Keeton together; whether Buchanan was ineffective as counsel because he failed to disclose a more lenient plea agreement offered by the State to the three defendants than the one they accepted; whether there were illegal ex parte communications between the district attorney and the judge hearing the matter; and finally, whether Ouzts's case falls under any of the exceptions to the three-year statute of limitations found in Miss.Code Ann. § 99-39-5(2) (Rev. 1984).

LEGAL ANALYSIS
¶ 7. We will first speak to the issue of the statute of limitations since a discussion on the remaining issues rests on whether the statute has effectively run against Ouzts. Miss.Code Ann. § 99-39-5(2) (Rev.1984). Ouzts pled guilty to the crimes of capital murder and armed robbery (two counts each) and final judgment was entered on August 2, 1979. Although the Mississippi Uniform Post Conviction *587 Collateral Relief Act did not go into effect until 1984, it would still apply to Ouzts's case. Odom v. State, 483 So.2d 343, 344 (Miss.1986). "Individuals convicted prior to April 17, 1984, have three years from April 17, 1984, to file their petition for post-conviction relief." Id. Therefore, Ouzts had until April 17, 1987 to file his petition. It was not, however, filed until May 21, 1999, over twelve years later. Because this is an overwhelming violation of the three-year statute of limitations, we look to any exceptions to this limitation period that would have been available to Ouzts during the time in which he had to file his petition for relief (1984-1987). Miss.Code Ann. § 99-39-5(2) (Rev.1984). The statute as it was written during that time reads as follows:
A motion for relief under this chapter shall be made ... in case of a guilty plea, within three years after the entry of the judgment of conviction. Excepted from this three-year statute of limitations are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.
Miss.Code Ann. § 99-39-5(2) (Rev.1984).
¶ 8. Clearly, there has been no intervening decision by either the Mississippi or United States Supreme Court which would adversely affect the outcome of Ouzts's conviction. Similarly, Ouzts is not claiming that his sentence has expired or his probation has been unlawfully revoked. Ouzts argues, however, that he does have evidence which was not reasonably discovered at the time of his guilty plea that would have caused him to receive a lesser sentence than his co-defendants. The statute requires, however, that this new evidence would almost certainly require a different result in the conviction or sentence. Miss.Code Ann. § 99-39-5(2) (Rev. 1984). We do not find that this would be the case.
¶ 9. It has been almost twenty years since the plea hearing of these three defendants. The judge who heard this case, as well as the prosecutor who prosecuted this case, are both deceased. They are the only witnesses who could rebut many of the arguments cited by Ouzts. Without such key witnesses, we are only able to hear one side of the story and would be required to speculate on the rest. This is exactly what the legislature and the courts feared when it was decided that limitations periods for filing a lawsuit or for seeking post-conviction relief were necessary. One of the primary purposes for limitations statutes such as this one is to make sure that a right of action is pursued within a "reasonable" amount of time. Cole v. State, 608 So.2d 1313, 1317 (Miss.1992). See also Mississippi Dept. of Public Safety v. Stringer, 748 So.2d 662, 666 (Miss.1999).
These statutes are founded upon the general experience of society that valid claims will be promptly pursued and not allowed to remain neglected. They are designed to suppress assertion of false and stale claims, when evidence has been lost, memories have faded, witnesses are unavailable, or facts are incapable of production because of the lapse of time.
*588 Cole, 608 So.2d at 1317. The court in Cole goes on to hold that simply because a time-barred claim is an honest and merited claim it does not become exempt from the limitation period. Id.
¶ 10. Ouzts has produced insufficient evidence which would convince this Court that any of his fundamental rights were violated. Because the statute of limitations has been seriously abused in this case, and because we find no conclusive evidence that his case falls under any of the exceptions to the statute, a discussion of the remaining issues in this case is not necessary. Ouzts's claims of conflict of interest, ineffective assistance of counsel, lesser culpability, etc., contain absolutely no merit. We agree with the lower court's acceptance of Ouzts's guilty plea and find nothing in the record of this case that would effectively rebut the fact that all of these claims are time-barred according to Miss. Code Ann. § 99-39-5(2) (Rev.1984).
¶ 11. For the foregoing reasons, we find nothing that would allow us to circumvent the statute of limitations in this case.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF LEFLORE COUNTY DENYING POST-CONVICTION RELIEF IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO APPELLANT.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER and BRANTLEY, JJ., CONCUR.