CARLTON, J.,
for the Court.
¶ 1. This case comes before the Court on appeal from the April 18, 2006, judgment of the Circuit Court of Pike County dismissing James Herman Avara’s motion for post-conviction relief. We affirm the dismissal.
FACTS
¶ 2. A Pike County Grand Jury indicted James Herman Avara for the murder of his girlfriend, Mamie Avara, on January 19, 1999. After a jury trial, Avara was convicted and sentenced on May 27, 1999, to a life sentence in the custody of the Mississippi Department of Corrections. Avara filed a petition for an out-of-time appeal on December 29, 1999, in Pike *1009 County Circuit Court which was denied on June 28, 2000. The Mississippi Supreme Court affirmed the circuit court’s denial of Avara’s petition on December 13, 2000. On March 21, 2006, Avara filed a motion for records and transcripts seeking post-conviction relief under Mississippi Code Annotated section 99-39-5. The Pike County Circuit Court dismissed his motion on April 18, 2006, as time-barred and as a successive writ.
¶ 3. Avara argues on appeal that he has newly discovered evidence which was not reasonably discoverable at the time of his trial which would have changed the result of his case had it been presented. Avara also argues that he received ineffective assistance of counsel, that the State failed to present exculpatory evidence to the defense, that improper evidence was presented at trial in violation of his Miranda rights, that the jury verdict was against the overwhelming weight of the evidence, and that the State gave an improper jury instruction.
DISCUSSION
¶ 4. “In reviewing a trial court’s decision to deny a motion for post-conviction relief the standard of review is clear. The trial court’s denial will not be reversed absent a finding that the trial court’s decision was clearly erroneous.” Smith v. State, 806 So.2d 1148, 1150(¶3) (Miss.Ct. App.2002) (citing Kirksey v. State, 728 So.2d 565, 567(¶ 8) (Miss.1999)). Questions of law, however, are reviewed de novo. Russell v. Performance Toyota, Inc., 826 So.2d 719, 721 (Miss.2002).
¶ 5. Motions for post-conviction relief must be filed within three years after the time for direct appeal of the conviction or sentence has expired. Miss.Code Ann. § 99-39-5(2) (Supp.2006). There are several exceptions enumerated in the statute which may enable a prisoner to overcome the statute of limitations and allow the motion for post-conviction relief to be heard. Id. The prisoner may overcome the statute of limitations if he can show that there has been an intervening decision of the United States Supreme Court or the Mississippi Supreme Court which would have affected the outcome of his conviction or sentence; that he has new evidence which was not reasonably discoverable at the time of his trial; that his sentence has expired; or that there has been an unlawful revocation of his parole, probation, or conditional release. Id. Additionally, when a fundamental constitutional right is involved, a post-conviction relief motion may be considered after the three-year time limit has passed. Maston v. State, 750 So.2d 1234,1237(¶ 14) (Miss.1999).
¶ 6. Avara was convicted and sentenced in May 1999. He filed his motion for post-conviction relief on March 21, 2006, nearly seven years after his conviction. The Pike County Circuit Court denied his motion on April 18, 2006, as being barred by the statute of limitations. Avara contends that the circuit court should have considered his appeal in light of newly discovered evidence which was not reasonably discoverable at the time of his trial in 1999.
¶ 7. The evidence Avara claims to be newly discovered is an evidence submission form for the Mississippi Crime Laboratory listing the victim as Mamie Avara and the offense as suicide. The same form, however, names the suspect as James Avara. Avara claims in his brief that he did not receive this evidence until June 2006 from the attorney who represented him at trial. However, the medical examiner, whom Avara credits for gathering the information in the form, testified at Avara’s trial, and Avara’s attorney cross-examined him. To overcome the statute of limitations, newly discovered evidence must be “of such a nature that it would be *1010 practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence.” Miss.Code Ann. § 99-39-5(2) (Supp.2006). To be sufficient to overcome the statute of limitations, the newly discovered evidence would need to be almost certain to have caused a different result in conviction or at sentencing. Ouzts v. State, 817 So.2d 585(¶ 8) (Miss.Ct.App. 2001). Because Avara’s claim of newly discovered evidence does not rise to this level, his motion for post-conviction relief cannot be excepted from the statute of limitations.
¶ 8. Avara also claims that his attorney’s failure to obtain the autopsy report or to present it to the jury during trial constituted ineffective assistance of counsel. The Mississippi Supreme Court held in Maston that it “has never held that merely raising a claim of ineffective assistance of counsel is sufficient to surmount the procedural bar.” Maston, 750 So.2d at 1237 (citing Bevill v. State, 669 So.2d 14, 17 (Miss.1996)). Moreover, the Mississippi Supreme Court has also held that the three-year statute of limitations for post-conviction relief claims includes claims of ineffective assistance of counsel. Kirk v. State, 798 So.2d 345, 346(¶6) (Miss.2000) (citing Luckett v. State, 582 So.2d 428, 430 (Miss.1991)). Avara’s claim of ineffective assistance of counsel does not fall within any of the exceptions to the three-year statute of limitations for post-conviction relief.
¶ 9. This Court finds that Avara’s motion for post-conviction relief was barred by the statute of limitations set forth in Mississippi Code Annotated section 99-39-5(2). Avara was convicted and sentenced in May of 1999, and the post-conviction relief motion was filed in March of 2006, well past the three-year statute of limitations. Avara’s previous motions for relief were denied; therefore, this appeal is also denied as being a successive writ under Mississippi Code Annotated section 99-39-23(6). Because none of Avara’s claims is within the exceptions to the statute of limitations or to the bar against successive writs, his motion for post-conviction relief was time-barred and was a successive writ. The trial court did not err in dismissing Avara’s motion.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF PIKE COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.