KING, C. J„
for the Court.
¶ 1. Henry Beauregard Jordan appeals the Harrison County Circuit Court’s dismissal of his motion for post-conviction relief. Finding no error, we affirm the dismissal.
FACTS AND PROCEDURAL HISTORY
¶ 2. On or about March 15, 2000, an undercover agent approached Jordan to purchase narcotics. Jordan informed the agent that he did not sell drugs; however, he could find her a drug dealer. Thereafter, Jordan returned with another male who then sold crack cocaine to the agent. Consequently, Jordan was arrested and indicted for the transfer of a controlled substance.
¶ 3. On June 2, 2003, Jordan pleaded guilty in the Circuit Court of Harrison County. The petition indicated that Jordan was advised of his legal and constitutional rights, the consequences of entering a guilty plea, and the minimum and maximum sentences imposed for the crime. The trial court found that Jordan knowingly and voluntarily waived his rights and sentenced him to seven years in the custo *353 dy of the Mississippi Department of Corrections.
¶ 4. On January 12, 2007, Jordan filed a motion for post-conviction relief. The trial court dismissed Jordan’s motion, stating it was barred by the three-year statute of limitations, and Jordan had failed to present any evidence not reasonably discoverable at the time of his plea.[1] Aggrieved by this decision, Jordan timely filed this appeal.
¶ 5. On appeal, Jordan argues: (1) that his plea was involuntary, (2) that he received ineffective assistance of counsel, (3) that there was evidence which would have proved his innocence if it were presented, and (4) that the State’s evidence was insufficient to support a finding of guilt.
STANDARD OF REVIEW
¶ 6. An appellate court will not disturb a lower court’s denial of a petition for post-conviction relief unless it is clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(3) (Miss.Ct.App.2002). However, when questions of law are raised the standard of review is de novo. Brown v. State, 731 So.2d 595, 598(6) (Miss.1999).
ANALYSIS
¶ 7. The threshold issue is whether Jordan’s petition for post-conviction relief is time-barred. In the ease of a guilty plea, a motion for post-conviction relief is time-barred if it is not filed within three years from the entry of the judgment of conviction unless the claim falls within one of the three statutory exceptions provided in Mississippi Code Annotated section 99-39-5(2) (Rev.2007). Section 99-39-5(2) provides:
Excepted from this three-year statute of limitations are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.
¶ 8. Jordan filed his motion for post-conviction relief on January 12, 2007, approximately three years and seven months after his June 2, 2003, conviction and sentence. Therefore, Jordan’s motion is time-barred unless he can successfully establish that one of the statutory exceptions applies. In an effort to come within a statutory exception, Jordan claims that a videotape of the transaction and the testimony from the man who actually sold the drugs are newly discovered evidence that would have proven his innocence. This statutory exception requires that the new evidence could not have been reasonably discoverable at trial, and it “would almost certainly require a different result in the conviction or sentence.” Ouzts v. State, 817 So.2d 585, 587(8) (Miss.Ct.App.2001).
*354 ¶ 9. It is apparent that the videotape and the witness’s testimony were available at the time of Jordan’s conviction and sentence. Further, the evidence would not change the result in this case because Jordan admitted that he brought another person to the agent, who then sold crack cocaine to the agent. Based on this statement alone, Jordan is guilty of knowingly aiding in the sale of a controlled substance. A defendant’s willingness to assist another person in completing a drug sale is sufficient to implicate him as a principal in the transaction, regardless of whether the defendant had actual control over the drugs. Minor v. State, 482 So.2d 1107, 1111 (Miss.1986) (quoting Williams v. State, 463 So.2d 1064, 1066 (Miss.1985)). The evidence in this case clearly establishes that Jordan was present at the drug transaction and assisted in the sale. The videotape and the witness’s testimony would have only further verified Jordan’s involvement in the sale.
CONCLUSION
¶ 10. We find that the trial court did not err in dismissing Jordan’s motion for post-conviction relief. The trial court convicted Jordan of transfer of a controlled substance on June 2, 2003. Jordan did not file his motion for post-conviction relief until January 12, 2007, seven months past the three-year statute of limitations. In addition, Jordan does not meet the exception to the statute of limitations as he did not present evidence that could not have been reasonably discoverable at trial. Accordingly, Jordan’s motion for post-conviction relief is procedurally barred because it was not filed within the three-year time period.
¶11. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.

. In the order dismissing Jordan's motion for post-conviction relief, the trial court generally acknowledged that Jordan had previously filed two pro se motions to reconsider on July 2, 2003, and a motion to modify his sentence on March 22, 2004. None of the three motions were set on the trial court’s docket, and there was never an order entered on any of the motions. This Court does not have the benefit of those prior motions; therefore, this Court has no record of the basis for the relief requested in those motions.